(C. D. 427)

Wm. Filene's Sons Co. *v.* United States

· United States Customs Court, Third Division

(Decided January 29, 1941)

*Barnes, Richardson & Colburn* (*Hadley King* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain tobacco pipes at the rate of 5 cents each and 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930. It is claimed that, by virtue of the trade agreement with France, published in T. D. 48316, the pipes covered by entry 7595 are dutiable at 2½ cents each and 40 per centum ad valorem. The claim was abandoned insofar as the protest covered entry 6462. The provisions of law applicable in this case read as follows:

PAR. 1552 (Tariff Act of 1930) * * * : tobacco pipe bowls, wholly or in chief value of brier or other wood or root, in whatever condition of manufacture, whether bored or unbored, and tobacco pipes having such bowls, 5 cents each and 60 per centum ad valorem; * * *

PAR. 1552 (Trade Agreement with France) Tobacco pipes, wholly finished, having bowls wholly or in chief value of brier-wood, valued at less than $1.20 per dozen, 2½¢ each and 40% ad valorem.

The merchandise in this case was imported from London, England. Under the terms of the President's Proclamation published in T. D. 48316, products from Great Britain are entitled to the rates of duty provided in the trade agreement with France.

The merchandise covered by · entry 7595 is invoiced as "50 gross Brier Pipes" at £0 58s. 0d. per gross. The sole question involved is whether the pipes herein under consideration were valued at less than $1.20 per dozen. At the trial the protest was submitted on an oral stipulation in open court, the facts relating to the issue being stated as follows:

Mr. KING. * * * We offer to stipulate that the merchandise in question consists of 50 gross of pipes, with bowls wholly or in chief value of brier wood; that the same were invoiced, entered and appraised at 58 shillings per gross, plus the cost of three cases at 7 shillings per case * * * and offer to stipulate that the official rate of exchange on October 19, 1937, was $4.955125 for the English pound, which rate of exchange is the correct rate of exchange for the valuation of the currency of the invoice.

Mr. AUSTER. I agree to that stipulation.

Counsel for the plaintiff concedes in his brief that, if the value of the cases be added to the value of the pipes, the value of the pipes would be $1.20 per dozen or over, but he contends that the value of the cases should not be added to the value of the pipes for the purposes of deter-

mining the applicable rate of duty and that as the appraised value of the pipes alone is $1.1975 per dozen they should have been assessed with duty at the rates for such articles provided in the trade agreement with France.

Counsel for the defendant does not dispute the value of the pipes when converted into United States currency as set forth in the plaintiff's brief but claims that the merchandise was properly classified by the collector because the addition of the value of the cases to that of the pipes makes the value of the pipes $1.20 per dozen or over and that the trade agreement with France does not affect the rate of duty applicable to such merchandise in paragraph 1552 of the Tariff Act of 1930.

The plaintiff urges that section 503 (c) of the Tariff Act of 1930 should be considered in connection with the issue in this case. That provision reads as follows:

(c) BASIS OF RATE.—For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall (except as provided in section 562 of this Act) be taken to be the value of the merchandise.

The plaintiff points out that the only notation made by the appraiser in red ink on the invoice is a check mark opposite the value of the pipes, that is 58 shillings per gross, and the letter "D" next to the value of the cases. He argues that the appraiser is required to appraise merchandise at the unit value but he returns merely the cost of the cases and does not make an appraisement thereof and that, accordingly, the appraised value is only 58 shillings per gross which is less than $1.20 per dozen. The plaintiff cites *L. Heller & Son (Inc.)* v. *United States*, 20 C. C. P. A. 257, T. D. 46058; *Murray Co.* v. *United States*, 22 C. C. P. A. 242, T. D. 47157; *William Jessop & Sons, Inc.* v. *United States*, T. D. 48934; *Alex. Lee Wallau, Inc.* v. *United States*, T. D. 48025.

In the case of *L. Heller & Son (Inc.)* v. *United States, supra*, the question involved was as to the rate of duty applicable to imitation solid-pearl beads. The statutory provisions applicable to such merchandise were contained in paragraph 1503 of the Tariff Act of 1930. Such beads valued at not more than one-fourth of 1 cent per inch were assessed in the statute at 60 per centum ad valorem while those valued at more than one-fourth of 1 cent per inch and not more than 1 cent, were assessed at one-half of 1 cent per inch and 60 per centum ad valorem. The facts of the case were submitted upon a stipulation which contained the following:

5. That in the usual course of trade the cost of the outer tin-lined wooden case constitutes no part of the market value of the goods *per se*, and its value was not included by the appraiser in his appraisement of the imitation solid-pearl beads.

The court examined the various check marks made by the appraiser on the invoice and the summary sheet and came to the same conclu-

sion, that is, that the value of the tin-lined case was not included by the appraiser in his appraisement of the imitation solid-pearl beads. It was held that, in accordance with the provisions of section 503 (c), the collector should determine the rate of duty applicable based on the appraised value rather than on the entered value.

In the case herein involved we have a different situation. The parties stipulated that the pipes—

were invoiced, entered and appraised at 58 shillings per gross, plus the cost of three cases at 7 shillings per case.

The stipulation indicates that the appraiser included the value of the cases in his appraisement. In view of this stipulation we are of opinion that it is unnecessary to examine the papers to ascertain if the various check marks made by the appraiser show whether or not the value of the cases was included in the appraised value.

In the case of *Murray Co.* v. *United States, supra,* no evidence, except the official record, was introduced to show whether the appraiser included the value of the packing charges in his appraisement of the steel sheets therein involved and the court examined the various check marks made by the appraiser and came to the conclusion that the packing charges were included in the appraised value. In *Wm. Jessop & Sons, Inc.* v. *United States, States, supra,* the customs examiner testified that the packing charges were included in the appraised value of the steel sheets. In both cases—*Murray Co.* v. *United States, supra,* and *Wm. Jessop & Sons, Inc.* v. *United States, supra*—the court held that the collector's action in classifying the merchandise at the higher rate of duty was legal because it was shown that the appraiser included the packing charges in his appraised value, thus bringing the steel sheets within the bracket assessing the merchandise at the higher rate.

In the case of *Alex. Lee Wallau, Inc.* v. *United States, supra,* the question involved was whether certain hosiery fell in the bracket for such merchandise valued at over or under $1.75 per dozen pairs. The court said:

Apparently there is no dispute about the facts. The value returned by the appraiser which constituted, under the provisions of section 503 (c) of the same act, the final appraised value, included not only the *per se* value of the hosiery but also the dutiable charges, which resulted in a dutiable value of more than $1.75 per dozen, but the claim of the protestant is that the final appraised value contemplated by section 503 (c), *supra,* was the *per se* value of the hosiery without the addition of the dutiable charges.

\* \* \* \* \* \* \*

It was, of course, incumbent upon the United States appraiser in appraising this imported merchandise to find one of the values provided for in section 402, *supra,* and having found that the foreign-market value was the proper basis for valuation, it was clearly his duty to find a foreign value which included—

the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Consequently, the cost of the outside wooden cases, the item involved, was properly included as a part of the final appraised value.

It is to be noted that there was no attempt on the part of the appraiser in the case at bar to appraise charges and that he returned them as found on the invoice, and the collector had no alternative but to assess duty on the value returned by the appraiser.

The law is well settled, therefore, that, when the statute provides that merchandise is dutiable at different rates depending on its value, the collector must make his classification in accordance with the value found by the appraiser. When the appraiser includes in his appraisement the value of the packing charges, the collector should classify the merchandise under the bracket in which the merchandise falls according to the appraised value, regardless of the *per se* value of the merchandise, but if the value at which the merchandise is appraised does not include the value of the packing charges, and, according to the *per se* value of goods, the merchandise would fall within the lower bracket, the collector cannot add the packing charges to the appraised value and thus bring the merchandise within the bracket involving the higher rate of duty, even though the value of the case or packing charges was included within the entered value.

In the case herein involved, it was stipulated that the pipes were appraised at 58 shillings per gross plus the value of the packing cases. The addition of the value of the packing cases was sufficient to bring the value of the pipes higher than those provided for in the French Trade Agreement. There appears to be no error in the collector's classification and the protest is accordingly overruled. Judgment will be entered in favor of the defendant.