(C. D. 1116)

DUROCH LIMITED, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 16, 1948)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* and *James F. Donnelly* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: In this case the plaintiff protests against the collector's assessment of duty upon importations from the Virgin Islands of 75 barrels of blended Scotch-type whisky. The whisky was entered at a value of $7.75 per proof gallon packed and was appraised at $4.051 per proof gallon. The collector assessed duty thereon as whisky, not aged in wooden containers four years prior to entry, containing foreign materials to the value of more than 20 per centum of the total value, at $5 per proof gallon under paragraph 802 of the Tariff Act of 1930. It is claimed to be free of duty under section 1394, U. S. C., title 48, as a manufacture of the Virgin Islands containing foreign materials valued at less than 20 per centum of the total value. Upon the entered value of $7.75 per proof gallon packed, the value of the component foreign materials is less than 20 per centum of the total value.

Plaintiff further claims that, if dutiable, the merchandise is dutiable at only $2.50 per proof gallon under paragraph 802 of the Tariff Act of 1930, as modified by the trade agreements with Canada and the United Kingdom (T. D. 49752 and T. D. 49753), and in an amendment to the protest it is further claimed that the liquidations herein are invalid in that no notice of appraisement was sent by the collector as required by section 501 of said tariff act. The last-mentioned claim is the one relied on. It is admitted by the Government that no written notice of appraisement was given to the consignee, his agent, or attorney.

We set forth the applicable statutes as follows:

### THE STATUTES

UNITED STATES CODE, TITLE 48 (1940 ED.):

SEC. 1394. CUSTOMS DUTIES AND INTERNAL-REVENUE TAXES.

There shall be levied, collected, and paid upon all articles coming into the United States or its possessions from the Virgin Islands the rates of duty and internal-revenue taxes which are required to be levied, collected, and

paid upon like articles imported from foreign countries: *Provided,* That all articles, the growth or product of, or manufactured in, such islands, from materials the growth or product of such islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from such islands shall be admitted free of duty. (Mar. 3, 1917, ch. 171, § 3, 39 Stat. 1133.)

TARIFF ACT OF 1930:

PAR. 802. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

PAR. 802 [as modified by the trade agreements with Canada and the United Kingdom, T. D.'s 49752 and 49753]. Whisky of all types and classes, not consisting in any part of distilled spirits which have not been aged in wooden containers at least 4 years prior to the date the whisky is entered, or withdrawn from warehouse, for consumption, $2.50 per proof gallon.

SEC. 501. [as amended by the Customs Administrative Act of 1938] NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value.

SEC. 503. DUTIABLE VALUE.

\* \* \* \* \* \* \*

(c) Basis of Rate.—For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall (except as provided in section 562 of this Act) be taken to be the value of the merchandise.

It is noted that the applicable portion of section 501, *supra,* requires written notice of appraisement if "a change in the classification of the merchandise results from the appraiser's determination of value." It is upon this ground that plaintiff claims notice of appraisement should have been sent. The Government contends that no change in classification was made and, therefore, the entered value not having been advanced, the collector was not charged with the duty of sending written notice of appraisement.

Earlier tariff acts did not carry a specific provision for notice of appraisement. However, for many years customs regulations have required collectors to furnish written notice when there was an advance over the entered value. See Art. 1267, Customs Regulations 1899; Art. 884, Customs Regulations 1908; Art. 585, Customs Regulations 1915; and Art. 703, Customs Regulations 1923. In view of these regulations, the courts have held that such notice was mandatory and was impliedly required by the statutory provisions granting the right of appeal to reappraisement. See *The Lace House* v. *United States,* 141 Fed. 869, T. D. 26970; *Hawley* v. *United States,* T. D.

27671, G. A. 6465; *Independent Importing Co.* v. *United States*, T. D. 28250, G. A. 6621; and *Hawley & Letzerich* v. *United States*, T. D. 30336, G. A. 6978. The Tariff Act of 1922 contained new language limiting the time for appeal to ten days after "written notice of appraisement." In view of this new language, the courts held that such notice was mandatory and its omission rendered an appraisement incomplete and invalid. *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491; and *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 361, T. D. 42561.

The Tariff Act of 1930 added new language in the first sentence of said section, specifying certain circumstances under which the collector should thereafter be required to give written notice of appraisement, i. e., (1) where the appraised value is higher than the entered value; and (2) where a "change in the classification" of the merchandise results from the appraiser's determination of value.

As indicative of the intent of Congress in adding this new language, we find the following in the Report to Accompany H. R. 2667, the bill which later was enacted as the Tariff Act of 1930:

SECTION 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT

The 1922 Act contains no direct provision for notice to the consignee of changes in value made by the appraiser upon appraisement. There has, therefore, been added to this section a specific requirement for such notice in any case in which the change in value might be prejudicial to the importer.

Bearing in mind the congressional intent, is the language used in said section, viz, a "change in the classification" sufficiently broad to include the situation we have before us?

An examination of the entries and summary sheets, which are a part of the entry under article 298, Customs Regulations 1937, discloses that the claimed classification of this merchandise was therein set forth as follows, except as to the amount of entered value:

ART. 272 (1937)
SEC. 401 (K)
T. D. 4770
REG. 24 $7828.—FREE

"Art. 272 (1937)" clearly refers to article 272 of the Customs Regulations of 1937. This is admitted by Government counsel in the brief filed. Paragraph two of said article 272 quotes in full section 1394, *supra.* Government counsel admits that the citation of this article of the customs regulations is sufficient to invoke said section 1394, but it is contended that the mere citation of that statute, standing alone, does not constitute a legally sufficient "classification" of merchandise for duty purposes; that it must be accompanied by a citation of the applicable paragraph of the tariff act.

The Court of Customs Appeals, now the Court of Customs and Patent Appeals, discussed the question of the meaning of "classification" in the case of *Bradford Co. et al. (United States impleaded)* v. *American Lithographic Co.*, reported in 12 Ct. Cust. Appls. 318, T. D. 40318. In deciding whether certain cigar bands were legally marked within the meaning of section 304 (a) of the Tariff Act of 1922, the court was called upon to pass upon the question—was the determination by the collector as to whether or not merchandise is lawfully marked a classification? In arriving at its conclusion that such action of the collector amounted to a classification, the court used the following language:

Classification of imported merchandise is the process or act of grouping, or arranging merchandise into classes; it is a process which may be based upon the use to which the article has been dedicated, its commercial designation, its similarity to other merchandise, the condition in which it is imported, and other equally important considerations, the purpose of which is to determine what provisions of the tariff laws are applicable thereto.

Section 401 (k), noted on the entry, refers to that section of the Tariff Act of 1930 which defines the term "United States" and excepts the Virgin Islands from such term.

Section 1394, quoted in said article 272, *supra*, excepts from imposition of duty certain articles coming into this country from the Virgin Islands. The importer noted under the column headed "Rate" on the entry the word "FREE." It is therefore plain that free entry is claimed by virtue of the proviso to section 1394, *supra*, for an article which is a product of the Virgin Islands falling within the descriptive terms of said proviso. Under the reasoning of the *Bradford Co.* case, *supra*, we find such description to constitute a classification. Therefore, the importer's citations on the entries are sufficient to constitute a claim for free entry of the merchandise covered thereby on the ground that it is a product of the Virgin Islands which has been excepted from section 401 (k) of the Tariff Act of 1930, by section 1394, *supra*.

The action of the collector in classifying the merchandise as a foreign product, and not a product of the Virgin Islands falling within the exception in said section 1394, resulted from a change of value from the value at which the merchandise was entered. Unless the importer may invoke the reappraisement jurisdiction of this court on such questions of value, he is without remedy to contest the rate of duty selected by the collector in liquidation. The value of such merchandise becomes final and conclusive unless an importer challenges it by appeal to reappraisement. *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C. D. 165.

Inasmuch as the collector did not comply with the provisions of section 501, *supra*, in that no written notice of appraisement was sent to the consignee, his agent, or attorney, we find that the liquidations

of the involved entries are premature and the appraisement has not become final. The liquidation is set aside so that the appraisement may be completed.

Judgment will be rendered in favor of the plaintiff to that extent.