(C.D. 2709)

V. I. JEWELRY MANUF. CORP. v. UNITED STATES

United States Customs Court, Third Division

(Decided June 13, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Before DONLON, RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of this protest consists of cigarette lighters. By way of amendment to the protest, it is claimed that liquidation is void because notice of appraisement was not given as required by law. The protest was submitted to the court upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to approval of the Court, as follows:

1. That the imported merchandise consists of cigarette lighters exported from the Virgin Islands on or about March 26, 1958.

2. That said merchandise was imported into the United States on April 1, 1958, and entered free of duty under the provisions of Sec.

301 of the Tariff Act of 1930, as amended, as a product of the Virgin Islands, not containing more than 50% of foreign materials.

3. That said merchandise was appraised at a value lower than the entered value.

4. That the appraiser's determination of value resulted in a change in the classification of the merchandise.

5. That the collector of customs did not give written notice of appraisement to the consignee, his agent, or his attorney.

6. That all of the papers received by the customs court from the collector of customs may be received in evidence as an unmarked exhibit.

IT IS HEREBY FURTHER STIPULATED AND AGREED that the protest is submitted on this stipulation.

Accepting this stipuation as evidence of the facts, and upon the authority of 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930), we hold that the claim of the plaintiff that the liquidation is void because notice of appraisement was not given as required by law is sustained. In accordance with the provisions of 28 U.S.C.A., section 2636(d), the matter is remanded to a single judge of this court to determine the proper dutiable value of the subject merchandise in the manner provided by law.

Judgment will be entered accordingly.