(R.D. 11467)

DELAWARE WATCH CO., INC. v. UNITED STATES

Entry No. 354067, etc.

(Dated January 16, 1968)

*Webster, Sheffield, Fleischmann, Hitchcock & Brookfield* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

BECKWORTH, Judge: The Government seeks by way of motion alternatively to dismiss the appeals for reappraisement on the ground that the appraisement did not result in a change of classification; that the notices of appraisement were nullities, and that the appeals were untimely or to grant summary judgment affirming the appraised values on the ground that the only issue cognizable in reappraisement proceedings relates to the unit value of the merchandise and that there is no dispute as to the unit values here.

The merchandise involved herein was brought in from the Virgin Islands and entered as free of duty under section 301 of the Tariff Act of 1930, as amended. Said section provides, among other things, that all articles, the growth, product, or manufacture of the insular possessions of the United States, except Puerto Rico, which do not contain foreign materials to the value of more than 50 per centum of their total value, are entitled to free entry, but if the value of the

foreign materials exceeds 50 per centum of their total value, they are dutiable.

The merchandise here was entered in each instance at the invoice values and a check mark was placed in the summary sheet in the column headed "Appraised," indicating that the total appraised value agreed with the entered value. However, a red ink notation on the invoice, initialed by the examiner, states: "Includes value of foreign material in excess of 50%." The examiner's report was approved by the appraiser.

The basic issue here is whether a change of classification resulted from the appraisement, since if it did, the collector acted properly in sending notices of appraisement and the appeals are timely and confer jurisdiction on the court. Defendant claims that the merchandise was appraised as entered, that the red ink notation was an advisory opinion only, and that no change in classification resulted.

Under section 503(b) of the Tariff Act of 1930, as amended, it is provided that when the rate of duty is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall be taken as the value of the merchandise. The collector is required to make his classification in accordance with the value found by the appraiser and may not add to or change anything in the value when determining the rate. *L. Heller & Son (Inc.)* v. *United States*, 20 CCPA 257, T.D. 46058; *Wm. Filene's Sons Co.* v. *United States*, 6 Cust. Ct. 59, C.D. 427; *Whittaker, Clark & Daniels, Inc.* v. *United States*, 34 CCPA 164, C.A.D. 360. Furthermore, under section 501(a) of said tariff act, the collector is required to give a written notice of appraisement where a change in the classification of the merchandise results from the appraiser's determination of value. In the Report to Accompany H.R. 2667 (71st Congress, 1st session, Report No. 7), which became the Tariff Act of 1930, it is stated (p. 175):

> The 1922 Act contains no direct provision for notice to the consignee of changes in value made by the appraiser upon appraisement. There has, therefore, been added to this section a specific requirement for such notice in *any* case in which the *change in value* might be *prejudicial to the importer*. [Emphasis supplied.]

In the instant case, the appraisement at the entered value included the value of foreign materials in excess of 50 percent of the total value. This is not to be construed as an advisory opinion of the appraiser as claimed by the defendant, but as a part of the appraisement. *L. Heller & Son. (Inc.)* v. *United States, supra.* On the basis of this finding, a change in classification results. In that situation, a notice of appraisement is required in order to give the plaintiff an opportunity of challenging the value. *Duroch Limited, Inc.* v. *United States*, 21 Cust. Ct. 3, C.D. 1116; *V. I. Jewelry Manuf. Corp.* v. *United States*,

57 Cust. Ct. 7, C.D. 2709. In the *Duroch* case, protests were filed against the assessment of duty upon importations of blended whisky from the Virgin Islands. The whisky was entered at a value of $7.75 per proof gallon and was appraised at $4.051 per proof gallon. Upon the entered value, the value of the component foreign materials would have been less than 20 percent of the total value, but upon the appraised value, it would have been more. No notice of appraisement was sent, and the collector liquidated on the basis of the lower appraised value which resulted in the merchandise being dutiable. The court held that the action of the collector in classifying the merchandise as a foreign product, and not a product of the Virgin Islands entitled to free entry, resulted from a change of value from the value at which the merchandise was entered. It concluded:

* * * Unless the importer may invoke the reappraisement jurisdiction of this court on such questions of value, he is without remedy to contest the rate of duty selected by the collector in liquidation. The value of such merchandise becomes final and conclusive unless an importer challenges it by appeal to reappraisement. *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C.D. 165.

It held that since the collector had not sent a written notice of appraisement, the liquidations were premature and were set aside so that the appraisement might be completed.

The fact that the change in classification in the cited cases resulted from a decrease in the entered value while here it results from the finding entering into the appraised value that the value of the foreign components exceeded 50 percent does not distinguish those cases or require a different result. As stated in plaintiff's brief:

* * * Classification under Sec. 301 (and its predecessors) requires the comparison of *two finally determined* values: total value and value of foreign materials. If the value of foreign materials were determined finally only by the Collector and the Appraiser's determination thereof merely advisory, as Defendant claims here, the Appraiser's reduction in total value would of itself not have resulted in a change in classification in *Duroch*.

Thus the holding in *Duroch* that a change in classification *did* result establishes that the Appraiser's determination of the value of the foreign materials as well as his determination of total value is final and conclusive upon all parties. [Emphasis quoted.]

In an analogous situation, under paragraph 1615 of the Tariff Act of 1930, as amended, articles, the growth, produce, or manufacture of the United States, when returned after having been exported without having been advanced in value or improved in condition, are entitled to free entry. Where such articles are returned to the United States in combination with foreign manufactures, the American components are entitled to free entry as long as they have not lost their identity as

such, nor have themselves been advanced in value or improved in condition. *Denike* v. *United States*, 5 Ct. Cust. Appls. 364, T.D. 34553; *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C.D. 1628; *Import Export Service of New Jersey et al.* v. *United States*, 37 Cust. Ct. 54, C.D. 1798.

In such cases, it is incumbent upon the appraiser to make a return showing the value of the American goods separately and such value may be contested even though the total appraised value is not in dispute. *Consolidated Sewing Machine Co., Inc.* v. *United States*, 37 Cust. Ct. 314, Abstract 60179; *Donald G. Parrot* v. *United States*, 40 CCPA 8, C.A.D. 490; *Border Brokerage Company* v. *United States*, 44 Cust. Ct. 688, Reap. Dec. 9687. Furthermore, in the *Consolidated Sewing Machine Co.* case, it was pointed out that the court could not find value of the American and foreign components in a classification proceeding.

It follows that in a situation like the present, if an importer may not appeal for reappraisement, he may be without a remedy to contest the rate of duty selected by the collector in liquidation. *Duroch Limited, Inc.* v. *United States, supra.*

For the reasons stated, the Government's motion to dismiss these appeals or to grant summary judgment affirming the appraised values is denied.