BEFORE THE THIRD DIVISION, JULY 24, 1952

**No. 56807.**—W. R. Zanes & Co. of La., Inc. *v.* United States, petition 6782–R (New Orleans).

EKWALL, Judge: This is a petition for the remission of additional duties accruing under section 489 of the Tariff Act of 1930 due to the undervaluation of merchandise consisting of a Louis XVI parlor suite including one sofa and four chairs and also the frames on two paintings.

It appears from the record that this merchandise, together with the two paintings and a miniature not involved in this controversy, was purchased and paid for by Mrs. Elwood Fouts in Mexico at a price of $2,695.88 United States currency, f. o. b. Houston, Tex. This amount included all expenses, fees, freight, and other charges.

The petitioner herein, a customhouse broker, is the consignee of record. The merchandise was exported on February 7, 1947, and entered at New Orleans on June 30, 1947. Appraisement was made on October 23, 1947.

The merchandise was entered as artistic antiquities produced prior to 1830 and claimed to be free of duty under paragraph 1811 of the Tariff Act of 1930. It was invoiced, entered, and appraised at the following values:

| Description | Invoiced value | Entered value | Appraised value |
|---|---|---|---|
| 1 walnut sofa, 4 walnut chairs | 1,000 Mex. pesos. | $1,000 | {3,159.54 pesos. {4,131.71 pesos. |
| 2 paintings, 2 wooden frames | 500 Mex. pesos | $500 | {3,159.54 pesos. { 194.43 pesos. |
| | | All plus packing and stamps. | All plus packing. All plus 1.65% sales tax. |

(Conversion at 4.85 Mex. pesos = U. S. $1)

An appeal for reappraisement was taken and the court held that the evidence presented as to value was insufficient to overcome the presumption of correctness attaching to the appraiser's valuation. *W. R. Zanes & Co., Inc.* v. *United States,* 23 Cust. Ct. 316, Reap. Dec. 7755.

It appears from the official papers that the consular invoice was in Mexican pesos, namely, 1,000 pesos for the furniture and 500 pesos for the paintings, plus stamps and packing, while the entry was in United States dollars, namely, $1,000 for the furniture and $500 for the paintings, plus revenue stamps and packing. Two documents in Spanish attached to the consular invoice contain the following.

1   PAR DÉ PEQUEÑOS PAISAJES AL OLEO POR PETER BREUGHEL, EL
    MENOR_____   $500. 00

QUINIENTOS PESOS 00/100.

1   JUEGO DE SALA COMPUESTO DE UN SOFÁ Y CUATRO SILLONES,
    ESTILO LUIS XVI_____ $1, 000. 00

(UN MIL PESOS 00/100)

Mrs. Paula E. Saterlee, import manager of petitioner, who supervised the preparation and filing of the entry herein, testified that she had not noticed the statement on the consular invoice that the transaction was in Mexican currency and had relied on the dollar sign on the attached documents, but that if she had noticed that the values were in pesos, she would have corrected the entry. Mrs. Saterlee stated further that she believed the articles were artistic antiquities entitled to free entry under paragraph 1811 and that, therefore, the values were immaterial. She said that since the importer was not a dealer, even if the articles were returned dutiable, all she would have had to do would be to pay the duty, whereas a dealer would have to pay an additional amount. (She was evidently referring to the last paragraph of section 489.)

When the error was discovered, Mrs. Saterlee said she took the entry to Examiner Kerwin and that he told her not to amend it but to hold it for a while. On cross-examination, she stated that she had made no effort to determine whether such or similar merchandise was being imported at the time.

Mr. William N. McAskill, United States appraiser at the port of New Orleans, testified that the examiner did not consider the merchandise to be artistic antiquities entitled to free entry under paragraph 1811; that the entered values were questioned; that an investigation was made; and that the values were advanced.

Mr. McAskill stated that the broker (petitioner) did not file a submission sheet prior to entry on June 30, 1947, nor did any representatives of the firm consult him or the examiner concerning the value of the merchandise.

Among the official papers is a memorandum, dated July 15, 1947, from petitioner's New Orleans office to its Houston office, stating that on July 1, it had requested the latter to secure a private invoice covering the shipment from Mrs. Fouts; that on July 3, it had sent Form 20 for Mrs. Fouts to complete and sign, and that the examiner was inquiring about them. On July 17, the Houston office replied enclosing Form 20 and stating that Mrs. Fouts did not have a commercial invoice but had a letter dated August 23 from Galerias Ordaz.

Form 20 states that the merchandise, including the bronze miniature not involved herein, was paid for by Mrs. Fouts by personal check in the sum of $2,695.88, equivalent to Mexican pesos 13,075 at the rate of 4.85.

Mr. McAskill testified that the merchandise was appraised on the basis of the export value, ascertained after investigation of the facts; that deductions from the purchase price of all charges that could be proven were allowed; that the petitioner could have reasonably anticipated the advance in value since it had all the facts in its possession.

Mr. McAskill also stated that the petitioner had been in the habit of making artistic antiquities entries for years, but that 50 or 60 per centum of them was returned as dutiable.

A period of almost 4 months elapsed between the date of entry, June 30, 1947, and the date of appraisement, October 23, 1947, but no attempt to amend the entry was made.

The Government called as a witness Mr. Joseph A. Fortea, supervisor of customs agents at the port of New Orleans. He testified that he had visited petitioner's office on or about October 21, 1947, and had examined the files in connection with this case, including a letter dated February 24, 1947, to petitioner from Daniel I. Castellanos, customhouse broker in Mexico City. Said letter enumerates the documents being sent to petitioner in order to make entry. These included, among others, a special consular certificate, a list of expenses, two additional sheets with merchandise description, Form No. 254 for artistic antiquities, and blue Form No. 138.

Mr. Fortea stated further that he found no evidence to indicate that petitioner had attempted before entry to verify the statements made in the consular invoice by inquiry of the importer.

On this record, the petitioner claims that it is entitled to a remission of the additional duties on the ground that although the entry clerk was at fault in overlooking the statements on the consular invoice, her error was not tantamount to a breach of good faith, and on the further ground that the computation of proper dutiable values in this case presented a difficult valuation problem because the articles were purchased f. o. b. Houston and it was necessary to estimate the deductible items.

The entrant of merchandise has a duty to inform himself as to the correctness of his representations of the value of his merchandise and a showing of indifference does not meet the requirements of the statute. *R. W. Gresham* v. *United States,* 27 C. C. P. A. 106, C. A. D. 70. In the instant case, petitioner made no effort prior to entry to ascertain the correct dutiable value and one of its employees considered such value immaterial.

Petitioner had in its possession documents received from the Mexican customhouse broker. It had or could have obtained from the importer information as to the correct purchase price of the articles. Apparently, no attempt was made to verify the values in the consular invoice by inquiry of the importer. No submission sheet was filed nor were customs officials consulted. Such circumstances do not constitute satisfactory proof of good faith as required by the statute. *United States* v. *H. S. Dorf & Co. of Pa., Inc.,* 36 C. C. P. A. 29, C. A. D. 392. In that case, petitioner, a customhouse broker and nominal consignee, filed a submission sheet with the examiner but failed to make any inquiry of the importer, which would have revealed a subsequent shipment at a higher price. The court denied the petition, stating (p. 32):

> The record discloses that appellee, an experienced customhouse broker of many years standing, after receiving the shipping documents from the importer merely prepared a submission sheet which it submitted to the examiner requesting information from him as to the value of the merchandise. Stress has been laid upon that procedure in the effort to establish the good faith of appellee, although it is no part of the official duty of such officer to supply the desired information, that, as indicated in the text of the submission sheet, information so given is in no way binding on customs officials in determining value, nor can such information be relied upon by the entrant to obviate the duty imposed upon him to ascertain and enter the merchandise at its true value. *Mitsubishi Shoji Kaisha (Ltd.)* v. *United States,* 19 C. C. P. A. (Customs) 91, 94, T. D. 45227.

> \*       \*       \*       \*       \*       \*       \*

> Finally, an inquiry of the importer here would have revealed the subsequent order by it at a higher price. Appellee made no such inquiry, and without making any attempt to ascertain any additional facts from others in the trade as to the value of the merchandise, simply entered the shipment at the invoiced value. Such indifference as to the proper value of the goods as is disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support appellee's petition for remission under the statute. *National Silk Spinning Co., Inc.* v. *United States,* 28 C. C. P. A. (Customs) 24, 26, C. A. D. 119; *R. W. Gresham* v. *United States,* 27 C. C. P. A. (Customs) 106, C. A. D. 70.

It is claimed that the petitioner believed that the values were immaterial since the merchandise was entered as artistic antiquities entitled to free entry. However, petitioner was aware that claims for free entry as antiques were frequently rejected, in which case the dutiable value became important. The mere fact that an article is claimed to be entitled to free entry is not an excuse for failure to ascertain its correct value.

Moreover, in the instant case, even after petitioner was aware that customs officials were questioning the entered values, had required the submission of Form 20, and were conducting an investigation, no attempt was made to amend the

entry. Mrs. Saterlee testified that Mr. Kerwin told her not to amend the entry but to hold it, but apparently no further inquiry was made by petitioner.

That the correct dutiable values may have been difficult to determine, as claimed by petitioner, is another reason why diligent inquiry and cooperation with customs officials should have been made, rather than an excuse for failure to act.

In *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, the court set forth the rule as follows (p. 591):

\* \* \* Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

In the instant case, it appears that there were facts and circumstances which petitioner knew or could have ascertained upon proper inquiry of the importer that would have caused a prudent and reasonable person to question the values used on entry. Moreover, full disclosure of all material facts was not made to customs officials until after entry.

On the record herein, we are unable to conclude that petitioner has met the burden of showing by satisfactory evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. Accordingly, the petition is denied and judgment will be rendered in favor of respondent.