BEFORE THE FIRST DIVISION, AUGUST 20, 1953

**No. 57467.**—W. J. Byrnes and Co. of N. Y., Inc. *v.* United States, petition 6920–R (New York).

OLIVER, Chief Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 seeking the remission of additional duties imposed by reason of the appraised value exceeding the entered value of certain lace exported from Canada and imported at the port of New York.

The sole witness was the vice president of the petitioner corporation, a customs brokerage firm. He stated that his experience with customs matters extended over a period of more than 30 years and that he supervised the present entry, which was prepared and filed by an entry clerk employed by petitioner.

The witness testified that, at the time of the entry in question, he knew that the lace covered by the shipment under consideration originated in France; that it was imported at the port of New York where it was sold in the open market to a purchaser who sent the merchandise to the Diamond Tea Gown Co. of Canada; that it was refused by the said Canadian company; and that it was returned to the New York shipper, without ever having left customs custody in Canada.

From knowledge of those facts, petitioner regarded the merchandise to be American goods returned and free of duty as such. Entry was made on the

basis of the value stated on the invoice from Canada, without making any inquiry from the appraiser or other customs official concerning either the tariff status of the imported lace or its proper dutiable value.

The record further discloses that at the time of the entry of the present merchandise, petitioner, seeking to obtain free entry thereof as American goods returned, filed an affidavit wherein petitioner alleged that the imported merchandise is "to the best of my knowledge and belief, truly and bona fide of the manufacture of the United States," respondent's exhibit A. The witness admitted that he knew, at the time the said affidavit was executed, that the lace in question was of French manufacture, but proceeded to file the affidavit because "this being in the United States imported from France, an imported shipment duty paid, and sent to Canada, held in Customs custody in Canada, and returned, I considered it as a non-import, non-export shipment." When asked by the court if he had any cases to support that view, the witness answered, "I wouldn't know."

Counsel for petitioner in his brief cites cases in which the issue before the court was the determination of the place of exportation of merchandise. *Nassau Distributing Co., Inc.* v. *United States*, 29 Cust. Ct. 151, C. D. 1459; *F. W. Myers & Co., Inc.* v. *United States*, 29 Cust. Ct. 202, C. D. 1468. Each of those cases was the subject of classification proceedings arising by protest against an action of the collector, section 514 of the Tariff Act of 1930. Both presented issues wholly unrelated to the question now before us, and, therefore, neither of the cited cases is a proper subject for discussion herein. In this case, as in all petitions arising under section 489, *supra*, the principal question is the good faith and intention of the petitioner in entering its merchandise. *United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440, T. D. 40612. "It is not a question as to whether the record affirmatively shows that appellant [petitioner] entered the goods in bad faith, but the question is whether or not it has met its burden of proving to the trial court that in making the entries such good faith was exercised as is required by the statute," *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, C. A. D. 41.

In the case of *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250, the court explained the responsibility of a petitioner as follows:

* * * The statute does not impute fraud, or attempt to deceive, on the part of the importer unless the undervaluation is more than 100 per centum. The law, however, casts upon the petitioner asking for relief by remission of additional duties the burden of showing by satisfactory evidence, under such rules as the board may prescribe, that he did not intend to defraud the revenue of the United States, or to conceal, or to misrepresent the facts in the case, or to deceive the appraiser as to the value of the merchandise.

In what way can he satisfy the mandate of the statute and thus maintain the burden placed upon him to produce satisfactory evidence that he did not have such intent? His statement in the evidence to the effect that he did not have such intent, standing alone, without corroborating facts or circumstances, being the issue to be determined by the court, certainly is not such proof as is required. And if the evidence he submits affirmatively shows that he represented a fact to be true, to wit, a certain value of his goods at the time of shipment, and at the time having no reasonable grounds for believing his representations to be true, or if it shows that his representations were made with reckless disregard of their truthfulness, it can not be said to corroborate his denial of intent but would have the opposite effect. Proof that a representation is made with the knowledge that reasonable inquiry might develop its untruthfulness would have the same tendency.

In this case, petitioner has not met the burden imposed by the statute. The witness, who had long experience with customs matters, certainly must have been thoroughly familiar with the duty of petitioner, as entrant of the present merchandise, to inform itself as to the correctness of representations concerning the value of the merchandise. See *R. W. Gresham* v. *United States*, 27 C. C. P. A.

(Customs) 106, C. A. D. 70. The entry in question was made without any attempt to obtain information from the appraiser or any other customs official. Furthermore, the allegations made by petitioner in the affidavit, said exhibit A, were not consistent with knowledge possessed by the witness concerning the origin and subsequent disposition of the merchandise. On that point, we quote from the testimony elicited through questioning by the court and reading as follows:

CHIEF JUDGE OLIVER: Why did you consider this to be American goods returned, if it is not, as this affidavit says, a manufacture of the United States, and that word "manufacture" is not part of the printed form? It was filled in by your firm and under your supervision?

THE WITNESS: That is right.

CHIEF JUDGE OLIVER: And in the blank space where "manufacture" is written in, underneath it says "Growth, production, or manufacture", is that correct?

THE WITNESS: Correct.

CHIEF JUDGE OLIVER: Which would indicate that the merchandise referred to was either the growth, manufacture or product of the United States?

THE WITNESS: That is right.

CHIEF JUDGE OLIVER: Which this merchandise was not?

THE WITNESS: No.

CHIEF JUDGE OLIVER: And you knew that it was not?

THE WITNESS: That is the error in this affidavit.

CHIEF JUDGE OLIVER: You knew the fact to be it was French merchandise when this affidavit was executed?

THE WITNESS: Yes.

In view of the foregoing admissions by the witness, it is not unfair to say that the witness had reasonable grounds to believe that the value stated on entry was questionable, and that a reasonable inquiry would have developed the true status of the merchandise with its proper value. "The mere fact that an article is claimed to be entitled to free entry is not an excuse for failure to ascertain its correct value," *W. R. Zanes & Co. of La., Inc.* v. *United States*, 29 Cust. Ct. 352, Abstract 56807. We quote with approval from the case of *Vietor & Achelis* v. *United States*, 14 Ct. Cust. Appls. 13, T. D. 41529, wherein the court said that "when there are facts and circumstances which would put a reasonably prudent business man on inquiry as to whether the invoice value was not less than the foreign or export value of the goods in the principal markets of the country of exportation and he makes entry without such inquiry, then he represents as true that which he has no good reason to believe to be true. If that representation be false, he is legally chargeable with a misrepresentation of fact which precludes the relief accorded by section 489, Tariff Act of 1922 [now section 489 of the Tariff Act of 1930]."

On the basis of the present record, and for the reasons hereinabove set forth, we hold that petitioner failed to meet the requirements of section 489 essential to obtain remission of the additional duties applied for. The petition is, therefore, denied and judgment will be rendered accordingly.