(C. D. 1686)

N. M. ALBERT CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 17, 1955)

*Sharretts, Paley & Carter* (*Amos B. Sharretts* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is an action involving a shipment of watch movements and cases imported from Switzerland. No question is raised as to the rate of duty assessed by the collector. Plaintiff claims that a clerical error was made in the worksheet (exhibit 2) filed with the amended entry and that the collector erred in basing the dutiable value upon the wording of such worksheet rather than upon the actual computations shown thereon, which were carried into the amended entered value.

Said worksheet, which was received in evidence as exhibit 2, is as follows:

Importer amends as follows:

| | | | | |
|---|---|---|---|---|
| 5000 Movts. @ 4.64 | Sw. Fcs | 23200. 00 |
| 5000 Cases | .55 | | 2750. 00 |
| 5000 Movts. | .50 | | 2500. 00 |
| | | | 28450. 00 |
| | Plus 5% | 1422. 50 |
| | | | 27027. 50 |
| | Plus spare parts | 96. 50 |
| | Plus packing | 35. 00 |
| | | | 27158. 65 |
| | Previously entered | 27156. 60 |
| | Add Sw. Fcs | 2. 05 |

An examination of the amended entry shows that the importer added Swiss francs 2.05 to make market value. It is plain that the 5 per centum was not added to the *per se* price of Swiss francs 28,450 on the worksheet, but was subtracted therefrom. The invoice describes this 5 per centum as a cash discount. We note that the item "Plus spare parts" is listed as 96.50, whereas it appears on the

pencil memorandum (exhibit 1) as 96.15. However, the total of 27,158.65 is correct, and this error was not material or involved in the issue presented.

The entry clerk employed by the plaintiff testified that he prepared a pencil notation sheet containing the computations to be made in amending the entered value and gave same to his typist who copied same as it appears on the yellow sheet (exhibit 2). Said typist at the time of the hearing was no longer employed by plaintiff. The penciled worksheet was received in evidence as exhibit 1. It shows a minus sign preceding 5 per centum, whereas the typed copy shows "Plus 5%." The witness stated that he compared the figures on exhibit 2 with this pencil memorandum (exhibit 1) but did not notice the error in the use of the term "plus." He testified that it was his intention to deduct 5 per centum and, in his computation, it actually was deducted.

Section 503 of the Tariff Act of 1930 (19 U. S. C. § 1503 (a)) provides as follows:

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

In view of the above provisions of the statute, it is settled law that no relief can be obtained from a clerical error in the entered value, unless the final appraised value is the same or less than the corrected entered value. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *Levor* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *Corre* v. *United States*, ibid. 709, Abstract 7462; *Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078; and *Giarrantani* v. *United States*, 67 Treas. Dec. 1095, Abstract 29987.

Government counsel, in the brief filed, concedes that under authority of *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401, and, in view of the testimony of the broker's entry clerk and a comparison of the handwritten worksheet with the typewritten copy thereof (exhibits 1 and 2, respectively), it is established that a clerical error was made. We must, therefore, determine whether relief may be granted for such conceded clerical error under the decisions above cited. An examination of the typewritten worksheet filed with the amended entry (exhibit 2) discloses that the customs examiner placed his official red-ink check mark over the "5%" which follows the word "Plus" on said sheet. The red-ink check on the summary sheet indicates that the merchandise was appraised as entered. This check mark prevails over the red-ink return of the

examiner on the papers attached to the invoice. *James Loudon & Co. for Wm. H. Floyd & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731. In so holding, the court said:

Under the authorities hereinbefore cited and quoted the action of the examiner of merchandise in placing the notation as to value upon the invoice cannot be considered as an appraisement of the merchandise. To hold that the examiner by placing a notation as to value upon the face of the invoice could thereby preclude the appraiser from making an appraisement different therefrom, or that such action by the examiner must be considered an appraisement of the merchandise, irrespective of any action by the appraiser himself, would be to make the examiner the appraiser, and thereby make of no effect any action by the appraiser. To this we cannot subscribe.

\*　　\*　　\*　　\*　　\*　　\*　　\*

When the official papers are returned to the collector after an examination and appraisement of the merchandise in the office of the appraiser, the collector in selecting the value upon which he will assess duty is not at liberty to look to the action of the examiner and also to the action of the appraiser and adopt the value reported by the examiner to the appraiser in case he finds that to be higher than the actual appraised value. The only value upon which the collector can base his assessment of duties is the final appraised value and that value is the value found by the appraiser, and is not the value reported by the examiner to the appraiser which the appraiser by positive action failed and refused to accept and adopt as the appraised value.

In the case before us, the action of the appraiser in checking the summary sheet was an acceptance of the entered value, i. e., the entered figures, which showed a deduction of 5 per centum from the *per se* value of the goods. Upon the record, we find that the importer's actual calculations of value on the worksheet should prevail over the descriptive word "plus" and that the error in the use of the term "plus" is a clerical error for which relief may be granted under section 514 of the Tariff Act of 1930. We, therefore, sustain plaintiff's claim that the liquidation was in error and that increased duties were improperly assessed.

Judgment will be rendered accordingly.