(Reap. Dec. 8454)

CHARLESTON OVERSEAS FORWARDERS, INC. *v.* UNITED STATES

Entry No. 714.

(Decided June 24, 1955)

Plaintiff not represented by counsel.

*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

JOHNSON, Judge: This is an appeal for reappraisement of manila rope, imported from Denmark, at the port of Charleston, S. C., on or about March 26, 1954, by the plaintiff for the account of New York Twine Corp.

When this case was called for trial, Adolphus N. Manucy, Jr., of Charleston Overseas Forwarders, Inc., appeared for the plaintiff and stated that he had not heard from the importer and presumed that it was not going to contest the case. Counsel for the Government asked that the matter be treated as a no-appearance case, moved in evidence all of the official papers, and called one witness.

It appears from the official papers that the merchandise consists of rope of various diameters and was entered as follows:

| | |
|---|---|
| ⅜" diameter | $0.23½ per pound |
| ⁵⁄₁₆" diameter | 0.24½ per pound |
| ½" diameter | 0.23½ per pound |
| | less nondutiable |
| | charges |

A red-ink notation on the invoice states:

Appraised at 25½¢ per lb. ⅜", 26½¢ per lb. ⁵⁄₁₆", 25½¢ per lb. ½" net packed. C. O. B.

On the summary sheet, which was signed by C. O. Brown, appraiser, on July 22, 1954, a check mark appears in the column entitled "APPRAISED," which, according to the printed explanation of marking, indicates that the appraised value agrees with the entered value.

At the trial, Clarence O. Brown testified that he is, and has been since 1939, examiner, appraiser, and deputy collector of customs at the port of Charleston and that he has been acting examiner and acting appraiser since 1921. He stated that he had acted as both examiner and appraiser in connection with the involved shipment and that the check mark on the summary sheet under the heading "APPRAISED" was an error; that he did not appraise the merchandise as entered and intended to mark "Advance" in the said column. He said that the red-ink notations of value on the consular invoice were in his handwriting and that they showed the prices at which he appraised the merchandise. He explained that said prices represented the foreign market value of the various sizes of rope, as set forth in column 11 of the invoice; that said prices were 25½ cents a pound for the ⅜″ diameter rope; 26½ cents a pound for the ⁵⁄₁₆″ diameter rope; and 25½ cents a pound for the ½″ diameter rope.

While it has been held that the check mark on the appraiser's summary sheet prevails over the return of the examiner on the invoice (*N. M. Albert Co., Inc.* v. *United States*, 34 Cust. Ct. 102, C. D. 1686; *James Loudon & Co. for Wm. H. Floyd & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731), in the instant case, the return on the invoice was made by the appraiser. In the *Loudon* case the court noted (p. 639):

If it were shown by this record that the red-ink notations on the invoice as to value were placed there by the appraiser then we would be in accord with the holding of the trial court that the statement made on the face of the invoice by the appraising officer controls over the marks on the summary sheet, since there would be a clear conflict between the two, * * *.

That is precisely the situation in the instant case and, in addition, the appraiser has testified that he appraised the merchandise as indicated by the notations on the invoice and that the check mark on the summary sheet was an error.

I conclude that the appraised values of the within merchandise are those noted on the invoice. The presumption of correctness attaching to said values has not been overcome by anything in the record before me.

I find as facts:

1. That the involved merchandise consists of manila rope in various sizes, imported from Denmark on or about March 26, 1954, and entered at the port of Charleston, S. C.

2.  That the merchandise was entered as follows:

| | |
|---|---|
| ⅜″ diameter | $0.23½ per pound |
| ⁵⁄₁₆″ diameter | 0.24½ per pound |
| ½″ diameter | 0.23½ per pound |
| | less nondutiable |
| | charges |

3.  That the merchandise was appraised on the basis of foreign value, as follows:

| | |
|---|---|
| ⅜″ diameter | $0.25½ per pound |
| ⁵⁄₁₆″ diameter | 0.26½ per pound |
| ½″ diameter | 0.25½ per pound |
| | net packed |

4.  That the presumption of correctness attaching to the appraised values has not been overcome.

I conclude as matters of law:

1.  That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the merchandise here involved.

2.  That such values are the appraised values.

Judgment will be rendered accordingly.