GUMP CO. (INC.) *v.* UNITED STATES (No. 2857)[1]

---

[1] T. D. 42189.

United States Court of Customs Appeals, May 7, 1927

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) and *De Vries & Davis* (*Jesse P. Crawford* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Hugo P. Geisler,* special attorneys, of counsel), for the United States.

[Oral argument April 19, 1927, by Mr. Crawford and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is a reappraisement case under the Tariff Act of 1922. The merchandise is majolica ware imported from Italy. It was entered at the invoice price less a 10 per centum discount. The local appraiser disallowed the discount and appraised the merchandise at the invoice price. He also added certain packing charges less a 2 per centum discount and added a 1 per centum tax. As to these additions there is no controversy.

On importer's appeal to reappraisement, the single general appraiser held that the actual dutiable value of the importation at the time of exportation in the principal markets of the country from whence exported was the value found by the local appraiser. From this appraisal importer appealed to the United States Customs Court.

The first division of that court, one member dissenting, affirmed the judgment of the single general appraiser. Importer appealed.

Section 402 of the act provides that the value of imported merchandise shall be "the foreign value or the export value, whichever is higher." It will be presumed that the general appraiser obeyed the mandate of that statute in making his appraisement. There is, however, nothing in the record to show at which of the above values it was appraised. Therefore, when its appeal came on for hearing before the Customs Court importer had the burden of showing that the appraisement exceeded the foreign value as well as the export value, or that one or the other did not exist, and the function of that court was to decide the questions of law and fact raised by the appeal to it upon the record made before the general appraiser. This court, however, may on appeal consider only questions of law. Sec. 501 of the act; *United States* v. *International Forwarding Co.,* 13 Ct. Cust. Appls. 579; *Johnson Co.* v. *United States,* 13 id. 373.

If there is any substantial evidence to support the judgment below on any controverted issue of fact cognizable here, we will not reverse it. *Ziade* v. *United States,* 14 Ct. Cust. Appls. 47, T. D. 41551, and cases cited.

The record shows that the proof at the trial before the general appraiser was almost wholly directed to proving the export and not the foreign value of the imported merchandise. Importer in effect concedes this, but contends that there is some evidence that there was but little of such or similar merchandise made in Italy for the home market, and that such sales thereof as were made there were in such small quantities as to indicate that there was no foreign value. This, however, if true, does not meet the issue, because the Customs Court, in effect, found no evidence of foreign value and we can not say as matter of law, upon the record before us, that it has erred in that respect.

On the whole, we think that court, whose language we quote, undoubtedly reached the right conclusion. It said:

Manifestly the American buyers of such merchandise in Italy mentioned in the record buy in very large quantities, and that the prices to them are regulated accordingly. If it were shown in the record that there were no sales of similar merchandise to that in question in Italy it might be necessary for us to weigh more carefully the evidence with a view of determining whether the 10 per cent discount was uniformly allowed on purchases in wholesale quantities thereof for export to the United States.

There is nothing in the record showing whether the appraiser's action was based upon foreign market value or export value, and therefore on the evidence as it is we can not assume that the appraiser's action was not based upon the foreign market value of like merchandise on the date of exportation, nor can we assume that the foreign market value was not higher than the export value of similar merchandise.

We agree with the views therein expressed and the judgment below is, therefore, *affirmed.*