W. R. ZANES & Co., INC. *v.* UNITED STATES

No. 7755.—
Entry No. 05352.

(Decided November 17, 1949)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Joseph E. Weil* and *Samuel D. Spector,* special attorneys), for the defendant.

CLINE, Judge:  This is an appeal for reappraisement of five pieces of furniture, claimed to be artistic antiquities produced prior to 1830, and two oil paintings by Peter Breughel the Younger, together with their frames, imported from Mexico on February 7, 1947.

The merchandise was invoiced, entered, and appraised as follows:

| Description | Invoiced Mex. pesos | Entered U. S. dollars | Appraised Mex. pesos |
|---|---|---|---|
| 1 sofa<br>4 chairs | 1,000.00 | 1,000.00 | { 3,159.54<br>4,131.71 |
| 2 oil paintings<br>2 picture frames | 500.00 | 500.00 | { 3,159.54<br>194.93 |
| | plus packing and stamps | plus packing and stamps | plus packing and 1.65% sales tax |

At the trial the appeal was abandoned as to the oil paintings, but not as to the frames.

Plaintiff introduced into evidence photographs of the chairs (plaintiff's exhibits 1 and 2) and an affidavit of Antonio Romero, sworn to the 12th day of May 1948 (plaintiff's exhibit 3).  The affiant states therein that he is and has been for the past 8 years a dealer and collector of artistic antique articles; that the furniture herein, together with the two paintings and their frames and a bronze miniature, was

purchased by the plaintiff at a total price, f. o. b. Houston, of 13,000 Mexican pesos; that the price was computed as follows:

|  | | Mexican Pesos |
|---|---|---:|
| 1 | Estimated packing | 200. 00 |
| 2 | Estimated expenses for clearing merchandise through U. S. customs, U. S. freight charges, etc. | 2, 000. 00 |
| 3 | Storage and warehouse charges in U. S. and Mexico | 900. 00 |
| 4 | Estimated charges for shipping costs—fees, taxes, etc. for shipping merchandise out of Mexico to U. S. border | 2, 100. 00 |
|  | Total deductions | 5, 200. 00 |
|  | Price of bronze miniature | 550. 00 |
|  |  | 5, 780. 00 [sic] |

| | Mexican Pesos |
|---|---:|
| Net price of furniture and pictures (Including Mexican sales tax 1.65%) | 7, 220. 00 |
| Price of French sofa | 2, 100. 00 |
| Price of 4 French chairs | 2, 520. 00 |
| Price of paintings | 2, 355. 00 |
| Price of frames | 245. 00 |
| | 7, 220. 00 |

The affidavit states further that deponent believes that the five pieces of furniture and the frames for the pictures are unique and unusual pieces of French furniture or frames; that during 1946 and 1947 no other merchandise of the same or similar type, character, or quality was sold or offered for sale in Mexico either for domestic sale or for exportation to the United States; that based upon his personal knowledge of the antique markets of the United States and Mexico, he believes that no similar set of furniture of the same type, quality, and design exists in Mexico or the United States; that he appraises the articles in question based upon market conditions in Mexico in February of 1947 as follows:

| | Pesos |
|---|---:|
| 1 Walnut sofa—French | 2, 100. 00 |
| 4 Walnut chairs—French | 2, 520. 00 |
| 2 frames for paintings | 245. 00 |
| Total (including sales tax 1.65%) | $4, 865. 00 |

W. N. McAskill, appraiser at New Orleans, testified that he appraised the merchandise involved herein; that his appraisement was signified by his signature on the summary sheet, customs Form 6417 (plaintiff's exhibit 4); that there were no other notations on the papers in his handwriting; that he affixed his signature to the summary sheet which indicated that he appraised the merchandise in accordance with the notations on such sheet; that the notation "Adv." under the word "APPRAISED" on the summary sheet indicated that the appraised value was advanced over the entered value; that no regulation re-

quires the appraiser to set forth on any of the official papers the basis of his appraisement. Counsel for the plaintiff did not ask the appraiser to state the basis of his valuation, but offered to prove, if the witness were permitted to answer, that he did not base his appraisement upon any of the values defined in section 402 of the Tariff Act of 1930.

The Government called Abraham Gabriel Manheim, who testified that he had been in the antique business for 30 years; that he examined the set of furniture involved herein; that it is not unique; that he had many such sets in his showrooms; that he bought one almost identical to this set before the war; that this set was made of beechwood and not oak; that old period sets were made of oak and of an entirely different construction; that the covering is a copy of the old type original Aubusson; that it is a Louis XVI design, and in his opinion was made in 1860.

Plaintiff in its brief claims that the appraisement herein was improper, defective, invalid, illegal, and void on the ground that the *appraiser* did not write the appraisement figures in red ink on the sheet attached to the invoice; that the official papers did not show the unit of quantity in which the merchandise was usually bought and sold; that the report to the collector on customs Form 6417 did not show the specific appraised values; that the official papers did not show whether the appraiser reviewed the reports of his subordinate officers; that the papers did not show the appraiser's basis of value.

The summary sheet which was signed by the appraiser contains the following statement:

The examination and appraisement of the merchandise covered by the attached invoice(s) have been made in accordance with law, and the following is a summary of my report thereof as noted on the invoice(s):

\*        \*        \*        \*        \*        \*        \*

It is clear, therefore, that the report attached to the invoice herein, whether or not in the handwriting of the appraiser, has been adopted by him. According to the "explanation" on the summary sheet, the notation "Adv." means "value advanced," and the report attached to the invoice sets forth values higher than the entered values. There is no discrepancy between the summary sheet and the report and no reason to assume that the appraiser did not adopt the figures set out in the report. The presumption is that the appraiser has acted properly in the discharge of his duty (*United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. 184, T. D. 47126) and there is nothing in the record herein to indicate the contrary. It is presumed, therefore, that the appraiser found the dutiable value in accordance with the provisions of sections 402 and 500 of the Tariff Act of 1930. The regulations do not require that the appraiser state the basis of his appraise-

ment and it has been held that an appraisal is valid without such statement. *Gump Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 114, T. D. 42189.

The only evidence as to value which plaintiff has submitted is the affidavit of Antonio Romero (plaintiff's exhibit 3). According to this statement, the merchandise involved herein plus the paintings and a bronze miniature were sold for 13,000 Mexican pesos, which amount included estimated charges for packing, clearing through customs, freight, and storage. Since the affidavit was prepared more than a year after the shipment of the merchandise, most of these charges must have been paid or at least known, so that the actual amounts could have been set forth. Since they were not, it is impossible to tell whether they were reasonable estimates or in excess of the actual cost. In the latter event, the amount allocated to the price of the furniture would be greater than that set forth in the affidavit.

The affidavit also stresses that the merchandise herein was unique and that no such or similar merchandise was on sale in the United States or Mexico at the time of exportation. This is contradicted by the testimony of the witness Manheim, who stated that he had similar pieces on sale in his showrooms. It is also to be noted that the affidavit states that the merchandise was made of walnut, but Mr. Manheim testified that it was made of beech, and that old period sets were made of oak.

In reappraisement cases the burden is upon the plaintiff not only of proving that the value found by the appraiser is erroneous, but also of proving the correct dutiable value. *G. & H. Transport Co., Inc.* v. *United States*, 27 C. C. P. A. 159, C. A. D. 78. The evidence in the instant case is insufficient to overcome the presumption of correctness attaching to the appraiser's valuation. It is the duty of the trial court under the provisions of section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, to determine the value of the merchandise from the evidence in the entry record, whether or not the appraisements are valid or invalid, even when no evidence is submitted at the trial. *United States* v. *Joseph Fischer*, 32 C. C. P. A. 62, C. A. D. 286. On the record herein I find that the proper values of the merchandise are the values found by the appraiser. Judgment will be rendered accordingly.