### E. H. CORRIGAN v. UNITED STATES

437

No. 8046.—Entered at Laredo, Tex.
          Entry Nos. 3009; 3770.

First Division, Appellate Term

(Decided September 6, 1951)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the appellant.
*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellee.

Before OLIVER, COLE, and MOLLISON, Judges

COLE, Judge: In this review of the decision reported in 25 Cust. Ct. 424, Reap. Dec. 7879, concerning dutiable value of dehydrated garlic powder, it is conceded that there is neither a foreign value nor an export value for the merchandise. This agreement between the parties does not disclose what statutory basis the appraiser applied in his finding of value, so we are faced with the necessity of determining whether appellant has established either United States value or cost of production. If the record is insufficient to support either of those values, then there must be an affirmance of the appraiser's action without knowing which value of those provided for in section 402 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402), is represented by the appraised value.

Simply because the Government has seen fit to accept and follow a policy of secrecy as to the basis of the value found and adopted by an appraiser, without attendant notation by him on the official papers, does not mean that such tactics should go on forever. Value, as defined in the tariff act, is the very essence of the issue in litigation of this character. It is incumbent upon a plaintiff in an action like this to assert and prove a value different from that found by the appraiser, and yet the Government contends that the basis for the latter cannot be divulged if not noted on the official papers because to do so would violate some supposedly between-the-lines intendment in the statute. It is inconceivable that such an essential should not and cannot be obtained. A pretrial conference would readily result in such a disclosure, and that seems to us as not the only method.

Appellant's proof is directed entirely toward establishing United States value, section 402 (e) of the Tariff Act of 1930, as amended by

the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (e)).[1] The trial judge carefully reviewed the evidence and then held that the proof was insufficient to establish United States value, or any other statutory value, concluding that "the presumption of correctness attaching to the appraiser's valuation is applicable and must be affirmed."

Appealing from that decision, appellant has presented 11 assignments of error. Our conclusion disposes of all, but it is deemed unnecessary to discuss each separately.

The trial judge's outline of the evidence is entirely acceptable for our purpose. It would unduly lengthen this opinion to elaborate further except, as will be done, to refer to various phases of the record in the course of reasoning upon which conclusions are based.

Because appellant assumes the rather unique position of contending that the recognized controlling authorities on the matter of statutory United States value have applied "erroneous principles" of law, reference will be made, at the outset, to leading cases on the subject.

*United States* v. *G. W. Sheldon & Co.*, 23 C. C. P. A. (Customs) 245, T. D. 48108, held that United States value could be "established only by such or similar goods which had been *previously imported* and were being *freely offered for sale at the time of export of the goods being valued.*" [Italics added.]

In *United States* v. *Collin & Gissel*, 29 C. C. P. A. (Customs) 96, C. A. D. 176, the rule set forth in the *G. W. Sheldon & Co.* case, *supra*, was cited with approval, and then the court said:

* * * Clearly, had the importation here involved been a first importation of the particular type of merchandise at issue no United States value could be determined under the statutory definition which Congress adopted and, *there being no prototype machine in the United States* at or near the date of exportation of the involved machine available for offer, a fundamental element of United States value, as defined by the statute, was lacking. Upon the facts shown, in our opinion, no legal distinction can be drawn between the importation involved and a case of first importation. [Italics added.]

In *United States* v. *New York Merchandise Co., Inc.*, 31 C. C. P. A. (Customs) 213, C. A. D. 274, the judicial construction, set forth in the two cases hereinbefore mentioned, was summarized in this way: "* * * we think the following principles applicable to United States value are definitely settled: First, the value of the imported

---

[1] SEC. 402.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(e) UNITED STATES VALUE.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

merchandise to be arrived at must be based upon the price at which such or similar *previously imported* merchandise is freely offered for sale to all purchasers, packed ready for delivery, etc., at the time of exportation of the imported merchandise. Second, the phrase 'at the time of exportation' does not necessarily mean the hour or the day of exportation, but a time near enough to the date of exportation and under such circumstances as will reflect the price of the goods on the date of exportation."

*United States* v. *Robert Reiner, Inc.*, 35 C. C. P. A. (Customs) 50, C. A. D. 370, the latest expression on statutory United States value, followed principles announced in the earlier cases, *supra*, and then emphasized that it has been the consistent attitude of the court "to liberally construe the language of said United States value provision so as to bring about the obvious purpose of Congress and so as to make the provision workable in reflecting a fair value for appraisement."

The cited cases were followed by the trial judge in reaching the conclusion that the importer had failed to establish a United States value for the garlic powder under consideration.

Counsel for appellant, however, now argue that the reasoning followed in said cases "is archaic and cannot be controlling in view of the decision of the court in *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. (Customs) 199, C. A. D. 192." That case concerned *export value* of woven flax paddings, a particular class of merchandise never carried in stock but always sold or offered for sale on the basis of future deliveries. Undisputed facts showed that the importer had entered into a contract with the foreign manufacturer in June, for deliveries in September, October, and November, at a price of 4.15 Belgian francs per meter, less 3 per centum. Later, and in September, the price advanced to 6 Belgian francs per meter, less 3 per centum, and the importer entered into a second contract at the higher price. On a shipment made in October under the first contract, but during tenure of the second, importer sought appraisement of the merchandise at a lower price existing under the earlier contract. The court, confined to stipulated facts, held (in lengthy opinions devoted largely to a discussion concerning the validity of a Treasury ruling) that "there is nothing in said stipulation overcoming the presumption of the correctness of the appraisement by the local appraiser." Appellant contends that the said case embodies a statutory construction to be applied to United States value. It should be again emphasized that export value, section 402 (d) of the Tariff Act of 1930, was in issue, and although United States value has been held to represent a constructive foreign or export value, *New York Merchandise Co., Inc.*, case, *supra*, nevertheless, a so-called constructive export value is not statutory export value. United

States value relates to prototype merchandise available for sale in this country at the time of exportation of the merchandise being valued, while export value, as defined in the statute, is the price, at the time of exportation, at which "such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which · exported, * * *." Nothing appears in the *White Lamb, Finlay, Inc.*, case, *supra*, which even remotely tends to disturb the well-recognized principles for finding United States value as set forth in the controlling cases briefly outlined and which will be followed herein. We proceed accordingly.

. Two grades, A. C. and A. P., of dehydrated garlic powder are covered by the shipments in question, which are exportations from Mexico that were entered at Laredo, Tex. Invoice, entered, and appraised values are set forth in the following tabulation:

| Reap. No. | Merchandise | Invoiced and entered value, per kilo, Mexican pesos | Appraised value, per kilo, Mexican pesos |
|---|---|---|---|
| 160603–A | 35 tins A. P. | 2.42 | 5.00 less nondutiable charges, 0.05979% |
| | 465 tins A. C. | 2.75 | 5.00 less nondutiable charges, 0.05979% |
| 160604–A | 214 tins A. C. | 2.75 | 5.00 less nondutiable charges, 0.0668% |

First of all, it should be noted that sales of the merchandise in question have no bearing, under the cited authorities, in finding statutory United States value thereof. Therefore, no discussion is considered necessary regarding such transactions.

Seeking to show that prototype merchandise was freely offered for sale and sold in this country at the time of exportation of the garlic powder in question, appellant refers to "three or four" trial shipments, aggregating 660 pounds, received prior to the importations under consideration. The greater part of those trial lots was sold, but some was given away as samples. Although the vice president of the importing corporation testified that various prices were paid for the trial shipments and all were sold at the same price, the record contains no proof of sales prices or offers for sale concerning the trial shipments. Counsel for appellant stress an importation of 69 pounds, that included both grades of the garlic powder in question (exhibit 9) entered through the port of New York and which was available for sale and delivery prior to the shipments in question. In the light of proof, as the evidence discloses, that dehydrated garlic powder was ordinarily sold in wholesale quantities of one-half to 5 tons, and that 5 tons was a usual wholesale quantity, obviously none of the amounts sold from the trial or sample shipments referred to were in quantities that can be considered in finding value under the statute, section 402 (e), *supra*. The trial judge summarized this line of proof in the following language:

* * * While the witness stated that the price did not depend upon the quantity sold, a quantity of 69 pounds could not have been a wholesale quantity sold in the ordinary course of trade and may not have been sold at the wholesale price. In the absence of testimony, the court may not infer that the previously imported sample shipments were sold at the same price as the later shipments in bulk or that they were sold at the price at which wholesale quantities were sold in the ordinary course of trade. There is no evidence in the record as to the price at which any previously imported merchandise was sold. Therefore, there is no price upon which a finding of United States value may be based.

Appellant argues further that the failure of the appraiser to indicate in the official papers the basis of his appraisement deprives the appraisement of its statutory presumption of correctness, 28 U. S. C. (1946 ed., Supp. III), § 2633. Cases cited to support the contention, *Weinberger's* v. *United States*, 70 Treas. Dec. 146, T. D. 48452, and *Sunset Trimming Co., Inc.* v. *United States*, 72 Treas. Dec. 152, T. D. 49086, related to the classification of merchandise, and are not in point. *Gump Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 114, T. D. 42189, and *W. R. Zanes & Co., Inc.* v. *United States*, 23 Cust. Ct. 316, Reap. Dec. 7755, are to the effect that an appraiser's omission, not stating what particular value has been adopted in his appraisement, in no way disturbs the force and effect of such action. The appraiser is presumed to have acted properly in the discharge of his official duties. *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126.

On the record before us, appellant has failed to make out a *prima facie* case. We therefore hold the appraised value, presumptively correct under the law, 28 U. S. C. § 2633, *supra*, to be the proper values for the garlic powder in question.

For the reasons hereinabove set forth, we find as matter of fact:

(1) That the merchandise consists of garlic powder of two kinds, A. P. and A. C., exported from Mexico and entered at Laredo, Tex.

(2) That at the time of exportation thereof no such or similar merchandise was freely offered for sale for home consumption in Mexico, or for exportation to the United States, within the provisions of section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, or section 402 (d) of the Tariff Act of 1930.

(3) That trial shipments or lots of this merchandise were imported prior to the time of exportation of the products in question; that there is no evidence as to prices, expenses, or profits in connection with the sale thereof.

Accordingly, we hold as matter of law:

(1) That there is no statutory foreign or export value for the garlic powder in question.

(2) That appellant failed to establish the necessary elements to prove United States value, within the statutory definition of such value in section 402 (e), *supra*.

(3) That appellant failed to overcome the presumption of correctness attaching to the appraised values, which are the proper values for the present merchandise.

The judgment of the trial judge is affirmed, and judgment will be rendered accordingly.