(Reap. Dec. 8456)

PARROTT & BALLENTINE *v.* UNITED STATES

Entry Nos. 465; 595.

(Decided June 24, 1955)

Plaintiff not represented by counsel.

*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett* and *Daniel I. Auster*, trial attorneys), for the defendant.

JOHNSON, Judge: These are appeals for reappraisement of dye springs imported from England in 1953 by Charleston Overseas Forwarders, Inc., for the account of Parrott & Ballentine, the plaintiff herein.

When this case was called for trial, the plaintiff appeared by Adolphus N. Manucy, Jr., of the firm of Charleston Overseas Forwarders, Inc., customhouse broker, but presented no evidence. The Government called one witness.

The merchandise involved in reappraisement No. 243275–A, described as Davidson dye springs, was invoiced and entered at 40 cents each and was appraised at £0.3.6 each, packed.

The merchandise in reappraisement No. 243276–A, described as Davidson dye springs, was invoiced and entered at 40 cents each, and the merchandise described as Davidson dye springs, compressible type, was invoiced and entered at 45 cents each. On the summary sheet, signed by C. O. Brown, appraiser, a check mark appears in the column entitled "APPRAISED," which, according to the printed explanation of marking, indicates that the appraised value agrees

with the entered value. However, red-ink notations on the invoice, initialed C. O. B., state that the merchandise was appraised at £0.3.6 each, packed, and £0.3.8 each, packed, respectively.

At the trial, Clarence O. Brown testified that he was examiner, appraiser, and deputy collector at the port of Charleston and had been in that position for 47 years. He stated that he had appraised the within merchandise and had made the red-ink notations on the invoices. He said that he had placed the check mark under the heading "APPRAISED" on the summary sheet in reappraisement No. 243276–A in error and that he had intended to mark "Advance" in the column.

The witness testified that he had appraised the merchandise in each entry on the basis of foreign market value at the prices set forth in column 11 of the consular invoices. He stated that he had also received information from the Customs Information Exchange that one of the items had been entered and appraised at 3 shillings 6 pence each on the basis of foreign value, as per cabled information from the manufacturer.

While it has been held that the check mark on the appraiser's summary sheet prevails over the return of the examiner on the invoice (*N. M. Albert Co., Inc.* v. *United States*, 34 Cust. Ct. 102, C. D. 1686; *James Loudon & Co. for Wm. H. Floyd & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731), in the instant case, the return on the invoice was made by the appraiser. In the *Loudon* case the court noted (p. 639):

If it were shown by this record that the red-ink notations on the invoice as to value were placed there by the appraiser then we would be in accord with the holding of the trial court that the statement made on the face of the invoice by the appraising officer controls over the marks on the summary sheet, since there would be a clear conflict between the two, * * *.

That is precisely the situation in reappraisement No. 243276–A, and the appraiser has testified that he appraised the merchandise as indicated by the notations on the invoice and that the check mark on the summary sheet was an error. I conclude, therefore, that the appraised values of the merchandise in both appeals are those noted on the respective invoices.

In support of the entered values, plaintiff has submitted, as a brief, copies of certain letters written by plaintiff to Charleston Overseas Forwarders, Inc. In these, the claim is made that the dutiable values should be 10 to 15 per centum less than the home market prices set forth in the consular invoices. It is alleged that the said home market prices are retail prices, since the manufacturer does not employ an agent but sells directly to yarn processors; that the prices charged plaintiff, as sales agent in the United States, are manufacturer's prices; that plaintiff resells to processors at retail prices; that, since an agent's

commission amounts to 10 to 15 per centum, the dutiable value should be the wholesale price, which would be some 10 to 15 per centum below the home market retail price.

In reappraisement cases, plaintiff has the burden not only of overcoming the presumption of correctness attaching to the appraiser's valuation but of establishing the correct dutiable value. *Kenneth Kittleson* v. *United States*, 40 C. C. P. A. (Customs) 85, C. A. D. 502; *H. S. Dorf & Co., Inc., a/c Joseph H. Meyer Bros.* v. *United States*, 41 C. C. P. A. (Customs) 183, C. A. D. 548.

In the instant case, there is no evidence supporting plaintiff's contentions. Even if the home market prices, as set forth on the invoices, are retail prices, there is nothing to establish that any other prices represent the dutiable value, as defined in section 402 of the Tariff Act of 1930, as amended; that is, the price at which the merchandise is freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade, either in the home market or for exportation to the United States. The presumption of correctness attaching to the appraised values has not been overcome.

Accordingly, I find as facts:

1.  That the involved merchandise consists of Davidson dye springs and Davidson dye springs, compressible type, imported from England in 1953 by Charleston Overseas Forwarders, Inc., for the account of the plaintiff.

2.  That the merchandise, described as Davidson dye springs, was invoiced and entered at 40 cents each and was appraised on the basis of foreign value at £0.3.6 each, packed.

3.  That the merchandise, described as Davidson dye springs, compressible type, was invoiced and entered at 45 cents each and was appraised on the basis of foreign value at £0.3.8 each, packed.

4.  That the presumption of correctness attaching to the appraised values has not been overcome.

I conclude as matters of law:

1.  That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the merchandise here involved.

2.  That such values are the appraised values.

Judgment will be rendered accordingly.