BEFORE THE THIRD DIVISION, AUGUST 16, 1956

**No. 60179.**—Consolidated Sewing Machine Co., Inc. *v.* United States, protest 258996–K (Los Angeles).

JOHNSON, Judge: The merchandise involved herein consists of 26 sewing machines, imported from Sweden, complete with electric motors and cases. The sewing machines and motors were assessed with duty at 10 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as sewing machines. The cases were assessed with duty at 17½ per centum ad valorem under paragraph 1413 of said tariff act [as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation of April 27, 1950, T. D. 52462], as manufactures of paper. It is claimed that the sewing-machine motors are entitled to free entry under paragraph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

At the trial, there were received in evidence Form 4467 (certificate of exportation), Form 3311 (affidavit for free entry), and Form 129 (invoice of returned American goods), which were marked plaintiff's exhibits 1, 2, and 3, respectively.

Counsel then stipulated and agreed as follows:

MR. KOZINN: I would like the record to show that those three exhibits were obtained from the official jacket.

I offer to stipulate with counsel for the Government that the 26 sewing machines involved had 26 electric motors which were manufactured in the United States and exported to Sweden as indicated on the export declaration, Exhibit 1.

We further offer to stipulate that the value of those 26 electric motors is $115.95.

JUDGE WILSON: Each?

MR. KOZINN: No, for the 26.

We further offer to stipulate that all of the regulations with respect to American goods returned have been complied with and that the motors were of American manufacture not improved in condition or advanced in value abroad.

MR. SPECTOR: So agreed.

It appears from the official papers that the merchandise was entered as 26 cases containing sewing machines, valued at over $10 and not over $75 each. The invoiced and entered unit value was 353 Swedish kronor, making a total entered value of 9,178 Swedish kronor, or United States $1,773. The merchandise was appraised as entered, but the rate was advanced on the carrying cases, valued at 7.75 Swedish kronor each, to 17½ per centum ad valorem, under paragraph 1413, as modified.

It is evident, therefore, that, except for the paper carrying cases, the merchandise involved herein was appraised as an entirety. It has been stipulated,

however, that the 26 sewing machines had 26 electric motors which were of American manufacture and which had not been advanced in value or improved in condition while abroad. The regulations having been complied with, the motors are properly classifiable under paragraph 1615 of the Tariff Act of 1930, as amended, as American goods returned. *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C. D. 1628.

However, since the electric motors and the sewing machines were appraised as entireties, the appraisement herein is invalid and void. *United States* v. *John Wanamaker*, 20 C. C. P. A. (Customs) 381, T. D. 46185; *United States* v. *Malhame & Co. et al.*, 39 C. C. P. A. (Customs) 108, C. A. D. 472. The liquidation, being based upon a void appraisement, is likewise invalid and void, and the protest herein is premature. *Pitman Publishing Corporation* v. *United States*, 28 Cust. Ct. 164, C. D. 1404; *Hughes Fawcett, Inc.* v. *United States*, 29 Cust. Ct. 1, C. D. 1434; *John P. Herber & Co., Inc.* v. *United States*, 30 Cust. Ct. 193, C. D. 1519.

It would seem, from the foregoing stipulation of counsel for the Government and counsel for the importer, that it is assumed that this court may find value in this proceeding. However, under the circumstances of this case, we are constrained to follow chapter 646 of the laws of 1948, section 2636 (d) [62 Stat. 869, 981; 28 U. S. C. § 2636 (d)], which provides:

If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it *shall* remand the matter to a single judge who *shall* determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. [Italics supplied.]

The protest herein is dismissed as premature, and the case remanded to a single judge to determine the proper dutiable values in the manner provided by law.

Judgment will be rendered accordingly.