(Reap. Dec. 8958)

SAM YEUNG CO. *v.* UNITED STATES

Entry No. 888788.

(Decided August 1, 1957)

*Lane, Young & Fox* (*William Whynman* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, trial attorneys), for the defendant.

DONLON, Judge: Plaintiff appeals to reappraisement from an advance in value made by the appraiser in items identified in the appeal petition only as having been imported on the "Flying Independent" and entered at New York on May 19, 1954, entry No. 888788. The merchandise is not further identified in the appeal petition, and neither the entry nor any other of the official papers was offered in evidence.

Indeed, the only evidence of record is an affidavit, dated September 21, 1956, signed in Hong Kong by one Fung Keang, who therein identifies himself as manager of Howe Tack Co., Ltd., of Hong Kong, since August 1, 1956. In this affidavit, Fung Keang recites that he has examined records and made inquiries, on the basis of which he makes certain statements as to the character of the merchandise in issue and sales thereof in Hong Kong in March and April 1954.

Plaintiff's brief, leave to file which was granted, does not address itself to the objections made by defendant, on trial, to the evidentiary value of this affidavit. Later, and without leave, plaintiff essayed to file a reply brief to present its arguments in support of its case. That plaintiff is not unaware of the defect in its proofs seems to be conceded, for alternative request is made for opportunity to submit some other affidavit than the affidavit offered on trial.

There is no competent evidence before us as to what this merchandise is, where it came from, or what the proper basis of value was for appraisal as of the date of exportation to the United States.

If plaintiff has failed to sustain its burden of proof, it is not due to lack of opportunity to do so. The appeal was filed October 8, 1954. It was first on the calendar of June 27, 1955, and was continued at plaintiff's request. The case was called on October 22, 1956, December 12, 1956, and March 26, 1957. On the last-mentioned call, plaintiff introduced the affidavit of Fung Keang and rested.

The value returned by the appraiser is presumptively correct and plaintiff has not overcome that presumption by competent proofs. The value found by the appraiser must, on the evidence before us, be affirmed.

I find, therefore, that the proofs offered are not competent to overcome the presumptively correct appraised value. I conclude that the value returned by the appraiser is the correct value. 28 U. S. C. § 2633.

Judgment will be entered accordingly.