(A. R. D. 84)

SAM YEUNG CO. *v.* UNITED STATES

Entry No. 888788.

First Division, Appellate Term

(Decided April 21, 1958)

*Lane, Young & Fox* (*William Whynman* of counsel) for the appellant.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the appellee.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: This case comes before us as an application for review of the decision in *Sam Yeung Co.* v. *United States,* 39 Cust. Ct. 618, Reap. Dec. 8958, wherein the trial judge sustained the appraised value of certain merchandise invoiced as "Canned Water Chestnuts," exported from Hong Kong on March 30, 1954, and entered at the port of New York. The merchandise was entered at $7 per case, packed, and was appraised at United States $7.50 per case, net packed.

It appears that, in the case at bar, the appraiser did not indicate the statutory basis upon which he made his appraisement. Counsel for the appellant argues that it is mandatory that the appraiser set forth the basis of value used in making his appraisement; that, where he does not do so, there is no presumption of correctness in favor of the appraised value. Counsel for the appellee, on the other hand, maintains that, in this case, there has been no necessity for the appraiser to indicate the basis of his appraisement.

In the comparatively recent case of *E. H. Corrigan* v. *United States,* 40 C. C. P. A. (Customs) 171, C. A. D. 514, the Court of Customs and Patent Appeals considered the failure of an appraiser to note upon the official papers the statutory basis which he applied in his finding of value. The cited case, in our opinion, is not authority for the proposition that it is mandatory that the appraiser, in the first instance, indicate the basis of his appraisement. On the other hand, there is nothing stated in the *Corrigan* case, *supra,* which justifies the appraiser in withholding the basis of his appraisal. In the words of the appellate court: "From our experience in this field of controversy, we may say that we often would find it helpful to know what basis the appraiser adopts, and we know of no sound reason for keeping it secret, but, we recognize the fact that there is no mandatory requirement that his reasons be made public." We interpret that statement to mean that it is not obligatory that the appraiser give his reasons for reaching a certain conclusion as to the proper basis of appraisement, but he should state what statutory basis for appraisement he actually used. However, there is nothing in the *Corrigan* case, *supra,* to the effect that the failure of the appraiser to set forth the statutory basis of his appraisement invalidates the appraisement or that the failure of the appraiser to indicate the basis of his appraisement relieves the importer of the burden of overcoming the presumption of correctness attaching to the appraisement. Furthermore, in this connection, our appellate court, in the *Corrigan* case, *supra,* page 174, said:

Whatever the procedure of the local appraiser in the instant case may have been, it is agreed that the importer had the burden of proving a value independently of the appraiser's action and, as stated by the appellate division in substance, if the record is insufficient to support either United States value or cost of production, the normal procedure is to affirm the appraiser's action.

An appraiser's omission to state what particular value has been adopted in his appraisement in no way disturbs the force and effect of such action. *Gump Co. (Inc.)* v. *United States,* 15 Ct. Cust. Appls. 114, T. D. 42189, and *W. R. Zanes & Co., Inc.* v. *United States,* 23 Cust. Ct. 316, Reap. Dec. 7755. The appraiser is presumed to have acted properly in the discharge of his official duties. *United States* v. *F. W. Woolworth Co. et al.,* 22 C. C. P. A. (Customs) 184, T. D. 47126. There is, therefore, no valid reason, in this case, to assert that the rule of presumptive correctness of the appraisement does not apply. It was, therefore, incumbent upon the importer to overcome the presumption of correctness of the appraised value and to establish a value independent of the appraiser's finding.

The only evidence introduced in this case is plaintiff's exhibit 1, an affidavit signed by one Fung Keang, identified as the manager, since August 1, 1956, of Howe Tack Co., Ltd., of Hong Kong, the seller of the involved merchandise. The basic question for determination in this matter, therefore, is the weight to be given to that affidavit. In substance, the affiant recites that, based upon an examination of records of the company and from inquiries made by him of certain employees of the seller, "the purchase price of said chestnuts, whole and not sliced, was $7.00 per case (U. S. currency) net packed"; that such price was the price at the time of exportation to the United States of such or similar merchandise; and that his company made no sales in the home market and only 6 sales to the United States, which are more specifically outlined in plaintiff's exhibit 1. It may be observed that there is nothing in this record tending to establish whether competitors of the exporter sell or do not sell such or similar merchandise for home consumption, and the absence of a foreign value for the goods cannot be predicated on the mere allegation by the affiant, in this case, that no sales were made by the exporter for home consumption, which latter statement is nothing more than affiant's own conclusion of an ultimate issuable fact. *Brooks Paper Company* v. *United States,* 40 C. C. P. A. (Customs) 38, C. A. D. 495.

Apparently, the appellant's case herein is predicated primarily upon the proposition that the imported merchandise consisted of whole chestnuts, in which connection, the affiant makes reference to a sale made by the seller to the importer on April 15, 1954, at United States $7 per case, alleged to cover whole chestnuts, and to another sale on the same date at United States $7.50 per case, alleged to cover sliced chestnuts. In the same affidavit, reference is made to a sale on March 30, 1954 (apparently the involved shipment), of "Canned Water Chestnuts" at United States $7 per case. However, neither the consular invoice nor plaintiff's exhibit 1 shows whether the merchandise in question consisted of whole water chestnuts or sliced water chestnuts, or both, since the merchandise is referred to merely as "Water Chestnuts."

It is apparent from the affidavit, itself, that the affiant had no firsthand knowledge whatever concerning the involved shipment. As a matter of fact, he did not become associated with the exporting company until some 2 years following the date of exportation. Furthermore, he had nothing to do with the keeping of the records of the company at the time of the exportation. His statements are all based on hearsay, gathered from inquiries made among other parties. The affidavit, therefore, falls short of the requirements heretofore fixed by our appellate court for such documentary evidence and is not sufficient to establish a value for whole water chestnuts or sliced water chestnuts different from that arrived at by the appraiser. The appellant, therefore, has failed to discharge its burden of proof, and we have no course open to us other than to hold that the appraised value is presumptively correct and that plaintiff below has not overcome that presumption by competent proof.

On the record herein, we find as facts:

(1) That the merchandise in question consists of water chestnuts, exported from Hong Kong on March 30, 1954.

(2) That there is no evidence establishing a statutory value different from the appraised value for such or similar merchandise either for home consumption in Hong Kong or for exportation to the United States at the time of exportation.

We conclude as matters of law:

1. That the value returned by the appraiser, which is presumptively correct, has not been overcome.

2. That the proper value for the merchandise here involved is the appraised value.

The decision and judgment of the trial court are, accordingly, affirmed. Judgment will be rendered accordingly.