(Reap. Dec. 9340)

UNITED STATES *v.* LEDERER DE PARIS, INC.

Entry No. CE 774512.

(Decided March 9, 1959)

*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the plaintiff.

Defendant not represented by counsel.

MOLLISON, Judge: This is an appeal for reappraisement filed by the collector of customs on behalf of the United States from findings of value made by the United States appraiser at the port of New York.

When the case was called for trial, there was no appearance on behalf of the defendant. Counsel for the Government established that the item involved consisted of 400 dozen wooden egg cups which

had been entered at a value of $3 per dozen, plus packing. When the invoice came under the observation of the customs examiner who passed that type of merchandise, he advisorily reported to the appraiser an advance in value to $3.60 per dozen, plus packing, by making a suitable notation in red ink on the invoice, and also made a notation on the summary sheet, customs Form 6417, indicating such advisory advance by writing the abbreviation "Adv" in the column thereon headed "Appraised."

The summary sheet mentioned contains an explanation of the marks or abbreviations found in the columns thereon, from which it appears that the abbreviation "Adv" indicates an advance in value, while a check mark indicates that "the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto." There is provision at the foot of the sheet for the signature of the assistant appraiser or the appraiser, and it has long been held that the action shown on the summary sheet constitutes his appraisement of the merchandise. *James Loudon & Co. for Wm. H. Floyd & Co.* v. *United States,* 9 Cust. Ct. 635, Reap. Dec. 5731.

It appears that, after the action referred to above by the examiner of woodenware, the invoice was submitted to another examiner of merchandise who passed other merchandise, to wit, bamboo articles, covered by the invoice. The latter examiner originally noted on the invoice an advisory report of advance in value as to the bamboo articles, but later determined that the entered values of the bamboo articles were correct. He then drew a line through his advance report on the invoice, and, not realizing that the first examiner, and not he, had made the notation "Adv" on the summary sheet, in error crossed out the notation on the summary sheet, substituted a check mark, and initialed the same.

The result of the foregoing was that, as the summary sheet was presented to the chief assistant appraiser, who at that time was the acting appraiser of merchandise, it indicated that no advance in value had been advisorily reported as to any of the items covered by the invoice, and, in that belief, the chief assistant appraiser approved the values as indicated by the summary sheet, that is to say, made a return that the appraised values agreed with the entered values.

Counsel for the Government contends that, on the facts thus established, the correct appraised value is that indicated on the invoice, rather than that indicated by the summary sheet, and cites *Parrott & Ballentine* v. *United States,* 34 Cust. Ct. 528, Reap. Dec. 8456, as authority for this proposition.

It is well established that where there is conflict between the *advisory* report of value made on the face of an invoice by an *examiner of merchandise* and the return of value made on a summary sheet by

an *appraiser of merchandise*, the appraiser's return of value controls, inasmuch as it is the appraiser, and not the examiner, who is charged by law with appraising the merchandise. *James Loudon & Co., etc. v. United States, supra.* An apparent, although not actual, exception was made to this rule in the *Parrott & Ballentine* case, *supra*, for the reason that the *appraiser*, in that case, made *both* the notation of value on the face of the invoice and the conflicting check mark on the summary sheet. Such is not the fact here, and the *Parrott & Ballentine* case does not control.

It is submitted by counsel for the Government that a clerical error exists and that it was not the intention of the appraiser to appraise the merchandise contrary to the values advisorily recommended to him by the examiner of the wooden egg cups. The approach on the basis of clerical error has not been developed in the brief filed on behalf of the Government. The facts indicate, however, that if the error may be termed clerical, it was not committed by the appraiser, but by the examiner. It appears that the appraiser approved the check mark on the summary sheet under a misapprehension as to the facts, but that he intended to do just what he did, i.e., approve what he found on the summary sheet. As a matter of fact, the record shows that the appraiser did not see the notation of advance on the invoice. There was no clerical error, therefore, on the part of the appraiser.

However, even assuming, without deciding, that the record made on the trial of the issue established that the value returned by the appraiser was erroneous, the burden still rested upon the plaintiff of establishing the correct value of the merchandise under the appraisement statute.

In the *Parrott & Ballentine* case, *supra*, relied upon by the plaintiff, that very point was brought out in the following language:

> In reappraisement cases, plaintiff has the burden not only of overcoming the presumption of correctness attaching to the appraiser's valuation but of establishing the correct dutiable value. *Kenneth Kittleson* v. *United States*, 40 C.C.P.A. (Customs) 85, C.A.D. 502; *H. S. Dorf & Co., Inc., a/c Joseph H. Meyer Bros.* v. *United States*, 41 C.C.P.A. (Customs) 183, C.A.D. 548.

The statement of the appraiser to the effect that had he seen the notation of advance on the invoice he would have changed the notation in the "Appraised" column on the summary sheet to "Adv" might have some evidentiary weight as an admission against interest, if the Government were the defendant in the present case, but, in the present situation, where the Government is the plaintiff, it cannot be considered as establishing value for the merchandise under the terms of the valuation statute. 28 U.S.C., section 2633, with respect to the burden of proof in reappraisement cases, provides:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

That burden has not been met in this case.

On the record made, I find as facts:

1. That the merchandise involved in this appeal for reappraisement consists of 400 dozen wooden egg cups exported from Italy on or about September 22, 1956.

2. That the said merchandise was entered at a value of $3 per dozen, plus packing, and was appraised as entered.

3. That plaintiff has failed to establish any value for the merchandise other than the appraised value.

I conclude as matter of law:

1. That, by operation of section 2633 of title 28, United States Code, the correct value of the merchandise is the appraised value.

Judgment will issue accordingly.