(Reap. Dec. 9687)

BORDER BROKERAGE COMPANY *v.* UNITED STATES

Entry No. C 05–2003.

(Decided April 27, 1960)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff* and *Margaret M. Vallerie*, trial attorneys), for the defendant.

JOHNSON, Judge: The merchandise involved in this appeal for reappraisement consists of electric heaters in seven different sizes, imported from Canada on or about October 3, 1955.

At the trial, it was stipulated that one of the components of each heater consisted of a glass panel, manufactured in the United States, exported to Canada without benefit of drawback, reimported into the United States, and advisorily classified as free of duty under paragraph 1615 of the Tariff Act of 1930, as amended; that, on or about the date of exportation of the electric heaters, there was no foreign, export, or United States value for such or similar merchandise; and that the merchandise was appraised on the basis of cost of production.

It was agreed that the merchandise had been appraised at the following values, including the cost of the American-made glass panels:

Item 1 and 4 @ Can. $22.62 each, net packed
Item 2 and 7 @ " $22.57 each, net packed
Item 3 and 5 @ " $22.60 [sic] each, net packed
Item 6 @ " $27.38 each, net packed

It was further stipulated that the appraiser found that the cost to the manufacturer of the American-made glass panels, including duty and freight paid by the manufacturer on importation into Canada, was as follows:

Item 1 @ Can. $5.57 each
Item 2 and 7 @ " $6.74 each
Item 3 and 5 @ " $6.17 each
Item 4 @ " $4.62 each
Item 6 @ " $8.60 each

The cost of production of the merchandise was then broken down as follows:

|  | Item 1 | Items 2 & 7 | Items 3 & 5 | Item 4 | Item 6 |
|---|---|---|---|---|---|
|  | Can. $ | Can. $ | Can. $ | Can. $ | Can. $ |
| Cost of Canadian materials and fabrication | 7. 08 | 7. 08 | 7. 08 | 9. 08 | 7. 78 |
| General expenses | 1. 61 | 1. 61 | 1. 61 | 1. 61 | 1. 61 |
| Packing | . 30 | . 30 | . 30 | . 30 | . 30 |
| Usual profit | 8. 06 | 6. 84 | 7. 50 | 7. 01 | 9. 09 |
| Total | 17. 05 | 15. 83 | 16. 49 | 18. 00 | 18. 78 |
| Cost of glass panels | 5. 57 | 6. 74 | 6. 17 | 4. 62 | 8. 60 |
| Total | 22. 62 | 22. 57 | 22. 66 | 22. 62 | 27. 38 |

Plaintiff claims that the items of general expense and profit should not have been allocated entirely to the dutiable component but should have been prorated between it and the duty-free American-made component.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides for the free entry of "Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means," provided no allowance of drawback has been made on such articles and the regulations have been complied with. It has been held under this paragraph that where such articles are returned to the United States in combination with foreign manufactures, the merchandise is not to be assessed with duty as an entirety, but the American goods are entitled to free entry so long as they have not lost their identity as such nor have themselves been advanced in value or improved in condition. *Denike v. United States*, 5 Ct. Cust. Appls. 364, T.D. 34553; *C. J. Tower & Sons v. United States*, 33 Cust. Ct. 14, C.D. 1628; *Import Export Service of New Jersey et al. v. United States*, 37 Cust. Ct. 54, C.D. 1798. In such cases, it is incumbent upon the appraiser to make a return showing the value of the American goods separately. *Consolidated Sewing Machine Co., Inc. v. United States*, 37 Cust. Ct. 314, Abstract 60179; *Donald G. Parrot v. United States*, 40 C.C.P.A. (Customs) 8, C.A.D. 490. See also *Wilbur G. Hallauer v. United States*, 40 C.C.P.A. (Customs) 197, C.A.D. 518, wherein it was stated that the cost of alterations performed in Canada on American goods should be segregated from the total cost and returned separately.

In the instant case, the appraiser has returned the value of the American goods separately and the plaintiff is contesting such value. In this case, as in all reappraisement cases, the burden rests upon the plaintiff to prove the action of the appraiser erroneous and to

establish some other value as the proper one. *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648.

Plaintiff does not claim to have established a correct value for either the American-made component or the Canadian-made component, but claims that, by allocating 10 per centum for general expenses and 8 per centum for profit to the American-made component, the resulting cost-of-production figure for the Canadian-made component will be closer to the actual cost of production of the Canadian component than the figure used by the appraiser. This allegation falls far short of proving the appraiser's value erroneous or of establishing any other value as correct.

Plaintiff has presented no justification for allocating any part of the general expenses or profit of the Canadian operation to the American-made component. Under the pertinent provision of paragraph 1615 of the Tariff Act of 1930, as amended, *articles* which are the growth, produce, or manufacture of the United States and which have not been advanced in value or improved in condition while abroad are entitled to free entry. The *articles* in the instant case are the glass panels, which were manufactured in the United States prior to their exportation to Canada to be combined with other articles to form the imported electric heaters. The general expenses in question were incurred and the profits earned by the Canadian manufacturer in the course of producing electric heaters in Canada. They bear no relation to the cost or value of the glass panels *per se*.

In *Donald G. Parrot* v. *United States*, *supra*, it was held that the collector was correct in using the total value of a yacht, equal to the sum of the appraised value of the identifiable parts of American origin and the appraised value of the parts of foreign origin, to determine the rate of duty to be assessed, although using only the value of the goods of foreign origin to determine the amount of duty. In the course of the opinion, the court said (p. 12):

It seems to us that when the collector constructively separated from the rest of the yacht those parts which could be identified as goods of American origin and admitted them duty free, appellant received all the exemption he was entitled to under authority of the cases considered by us, particularly the *Denike* and *Hillhouse* cases, *supra*.

Likewise, the importer here will have received all the exemption it is entitled to if the glass panels *per se* are admitted free of duty. It is only American-made articles which are entitled to free entry and their value cannot be found by adding to their *per se* cost or value any part of the general expenses incurred or profits earned in Canada in connection with the manufacture of another article.

The only values for the glass panels disclosed by the record are those found by the appraiser, which are stated to be their cost to the manu-

facturer, including duty and freight paid on their importation into Canada. Although the Government claims, in its brief, that such duty and freight should not have been included in the cost of the glass panels, no evidence has been presented establishing the amount of these items or any other values for the merchandise. It is presumed that the appraiser has acted properly in the discharge of his official duties and that the values found by him are correct. *United States* v. *F. W. Woolworth Co. et al.*, 22 C.C.P.A. (Customs) 184, T.D. 47126; *Sam Yeung Co.* v. *United States*, 40 Cust. Ct. 871, A.R.D. 84. Even if his action is erroneous, his valuation must stand in the absence of proof establishing the correct value of the merchandise in accordance with the statute. *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *United States* v. *Lederer de Paris, Inc.*, 42 Cust. Ct. 552, Reap. Dec. 9340.

For the reasons stated, the values found by the appraiser for the electric heaters and for the American-made components are sustained.

On the record presented, I find as facts:

1. That the merchandise involved herein consists of electric heaters in seven different sizes, imported from Canada on or about October 3, 1955.

2. That one of the components of each heater consists of a glass panel, manufactured in the United States, exported to Canada without benefit of drawback, reimported into the United States, and advisorily classified as free of duty under paragraph 1615 of the Tariff Act of 1930, as amended.

3. That, at or about the date of exportation of such electric heaters, such or similar merchandise was not freely offered for sale for home consumption in Canada, for exportation to the United States, or in the United States.

4. That the said electric heaters were appraised at the following values, including the cost of the American-made glass panels:

> Item 1 and 4 @ Can. $22.62 each, net packed
> Item 2 and 7 @ " $22.57 each, net packed
> Item 3 and 5 @ " $22.66 each, net packed
> Item 6 @ " $27.38 each, net packed

5. That the cost to the manufacturer of the American-made glass panels, including duty and freight paid by the manufacturer on importation into Canada, was found by the appraiser to be:

> Item 1 @ Can. $5.57 each
> Item 2 and 7 @ " $6.74 each
> Item 3 and 5 @ " $6.17 each
> Item 4 @ " $4.62 each
> Item 6 @ " $8.60 each

6. That the items making up the total cost of production are as follows:

| | Item 1 | Items 2 & 7 | Items 3 & 5 | Item 4 | Item 6 |
|---|---|---|---|---|---|
| | Can. $ | Can. $ | Can. $ | Can. $ | Can. $ |
| Cost of Canadian materials and fabrication | 7. 08 | 7. 08 | 7. 08 | 9. 08 | 7. 78 |
| General expenses | 1. 61 | 1. 61 | 1. 61 | 1. 61 | 1. 61 |
| Packing | . 30 | . 30 | . 30 | . 30 | . 30 |
| Usual profit | 8. 06 | 6. 84 | 7. 50 | 7. 01 | 9. 09 |
| Cost of glass panels | 5. 57 | 6. 74 | 6. 17 | 4. 62 | 8. 60 |
| Total | 22. 62 | 22. 57 | 22. 66 | 22. 62 | 27. 38 |

I conclude as matters of law:

1. That cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for determining the value of the electric heaters here involved, and that such values are the appraised values, to wit:

> Item 1 and 4 @ Can. $22. 62 each, net packed
> Item 2 and 7 @ " $22. 57 each, net packed
> Item 3 and 5 @ " $22. 66 each, net packed
> Item 6 @ " $27. 38 each, net packed

2. That the value of the American-made components, the glass panels, cannot be found by adding to their *per se* value any part of the general expenses incurred and profits earned in Canada in connection with the manufacture of the electric heaters.

3. That, since the record discloses no values for such panels other than those found by the appraiser, such values must stand.

4. That the values of the glass panels, as found by the appraiser, are:

> Item 1 @ Can. $5. 57 each
> Item 2 and 7 @ " $6. 74 each
> Item 3 and 5 @ " $6. 17 each
> Item 4 @ " $4. 62 each
> Item 6 @ " $8. 60 each

Judgment will be rendered accordingly.