(C.D. 3052)

OAKVILLE COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Dated June 29, 1967)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Andrew P. Vance* and *James S. O'Kelly*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges; RICHARDSON, J., concurring

LANDIS, Judge: Plaintiff's motion for rehearing of *Oakville Company* v. *United States*, 58 Cust. Ct. 79, C.D. 2893, in effect asks that the judgment entered February 14, 1967, be vacated, that the case be reconsidered, and that judgment enter sustaining various claims made in the protest.

Defendant's memorandum, while it opposes the motion, concedes that the judgment should be clarified to conform to the decision.

The decision discussing the substantive issues in this case substantially held as plaintiff claimed, that is, that certain common pins manufactured in the United States and exported were free of duty under paragraph 1615(a) of the Tariff Act of 1930, as amended, as American goods returned without having been advanced in value or improved in condition, and that certain paper rolls, manufactured in the United States and exported for alteration, were dutiable only on the value of the process which altered the rolls under paragraph 1615(g)(1).

The judgment entered in this protest being concededly inconsistent with the above-mentioned holdings and decision in this case, the judgment entered February 14, 1967, in this protest, is vacated and set aside and modified judgment conforming with the decision will be entered.

Further consideration having been had, we are of opinion that plaintiff's additional protest claim, that the appraisements covering the entered merchandise in this protest are void, is well taken. The official papers show that the imported merchandise was appraised and liquidated as a single entity, namely pins, dutiable at 20 per centum ad valorem under paragraph 350 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802). Since, as we have held, the common pins are American goods returned free of duty under paragraph 1615(a), their appraisement with dutiable items, as a single dutiable entity, is invalid and void. *Consolidated Sewing Machine Co., Inc.* v. *United States*, 37 Cust. Ct. 314, Abstract 60179. Modified judgment will enter remanding this case to a single judge to determine the proper dutiable values in the manner provided by law. 28 U.S.C., section 2636(d).

In all other respects, plaintiff's motion, whether for rehearing or for judgment as claimed, is denied.

It is ordered.

### CONCURRING OPINION

RICHARDSON, Judge: While I am in complete agreement with my colleague I deem it here appropriate to comment on my reason for remanding the matter for separate appraisements of the dutiable items of merchandise insofar as one branch of the case is concerned, in the wake of a recent development in a reappraisement case where as a single judge I took the position we are here taking in directing a remand, but was reversed on application to review. (See *John V. Carr & Son,* v. *United States*, 54 Cust. Ct. 513, Reap. Dec. 10902, *reversed and remanded, United States* v. *John V. Carr & Son., Inc.*, 58 Cust. Ct. 809, A.R.D. 219, decided March 1, 1967, *appeal pending, John V. Carr & Son, Inc.* v. *United States*, Suit No. 5287.)

The reason that separate appraisements are here required is, among other reasons, because it has been made to appear on rehearing (though

not originally) that the common pins are American goods returned from abroad not advanced in value or improved in condition. I am of the opinion that for appraisement purposes at least (as distinguished from classification purposes) these pins are not in a tariff sense an importation inasmuch as they are not "foreign" goods. The statute exempting such American goods from the payment of duty (paragraph 1615(a), Tariff Act of 1930) does not concern itself with the value of such merchandise, but only with its identification. Hence, value has significance under paragraph 1615(a) only in relation to *classification* for duty purposes of such merchandise which combines both foreign made and American made components—the duty exemption accorded such American components being conditionally granted only. Thus, when the appraiser undertakes to find a value for the American components he does so "advisorily" to aid the collector in either allowing or disallowing the duty exemption accorded such American goods in the liquidation of duties. And even then, what the appraiser returns as a "value" for the American components is expressed in terms of their direct actual cost and not in terms of a market value or production cost measured by the comparative valuation standards by means of which he returns values for the foreign components. Cf. *Border Brokerage Company* v. *United States*, 44 Cust. Ct. 688, Reap. Dec. 9687.

And inasmuch as the appraiser's finding of value as to the American components involves no compromise or use of the comparative valuation standards he normally employs with respect to valuation of foreign merchandise, considerations given to observance of paragraph 1615(a) by the appraiser and the collector as regards the American component of the article before them must necessarily differ. On the one hand the collector is directly concerned with the merchandise before him in ascertaining and assessing duties thereon, while, on the other hand, the appraiser is only indirectly concerned with such merchandise in returning a value therefor—he being directly concerned with "other" merchandise in finding a value for the imported merchandise. And in such endeavor "such or similar" merchandise are the appraiser's guideposts—words which are inextricably caught up with the identification of merchandise, resulting in the appraiser giving meticulous concern to the physical characteristics of merchandise under comparative conditions.

Therefore, in giving consideration to cases which address themselves to paragraph 1615(a) determinations care must always be taken to determine whether a particular case is concerned with the collector's responsibility under that statute in ascertaining the rate of duty as in *Donald G. Parrot* v. *United States*, 40 CCPA 8, C.A.D. 490, *affirming, Id.* v. *Id.*, 26 Cust. Ct. 102, C.D. 1308, see *C. J. Tower & Sons*

v. *United States*, 33 Cust Ct. 14, 24, C.D. 1628, or whether a case is ultimately dealing with the appraiser's responsibility under that statute in ascertaining as part of his return whether identifiable American components are exempt from duty and, therefore, segregable for appraisement purposes, as in *Consolidated Sewing Machine Co., Inc.* v. *United States*, 37 Cust. Ct. 314, Abstract 60179; *Id.* v. *Id.*, 39 Cust. Ct. 526, V. D. 47. Unless such a distinction is recognized and preserved here it would seem to be an exercise in futility for us to undertake to separate American components from foreign components for reappraisement purposes in remanding the instant protest only to have the single judge in the ensuing valuation proceeding treat the items, constructively separated by us, as a single entity for application of the comparative valuation standard for ascertaining value per force of some case construing paragraph 1615(a) in relation to classification issues. It is hoped that no such dilemma will arise here following the remand of the instant matters.